## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| BIAX COPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 02-05CV-184-TJW |
| | § | |
| INTEL CORPORATION | § | |
| | § | JURY TRIAL DEMANDED |
| and | § | |
| | § | |
| ANALOG DEVICES, INC. | § | |
| | § | |
| Defendants. | § | |

### ANALOG DEVICES, INC.'S ORIGINAL ANSWER AND COUNTERCLAIM

Analog Devices, Inc. ("Analog") answers the allegations of the First Amended Complaint for Patent Infringement (the "Complaint") and asserts counterclaims as follows:

### PARTIES

1.    Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

3.    Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.    Analog admits the allegations in paragraph 4 of the Complaint.

5.    Analog denies the allegations in paragraph 5 of the complaint.

## JURISDICTION AND VENUE

6.      No answer is required to the allegations contained in paragraph 6 of the Complaint, which merely state conclusions of law.

7.      No answer is required to the allegations contained in paragraph 7 of the Complaint, which merely state conclusions of law.

8.      No answer is required to the allegations contained in paragraph 8 of the Complaint, which merely state conclusions of law.

9.      No answer is required to the allegations contained in paragraph 9 of the Complaint, which merely state conclusions of law.

10.     No answer is required to the allegations contained in paragraph 10 of the Complaint, which merely state conclusions of law.

## COUNT ONE

11.     Analog incorporates its responses to paragraphs 1-10 of the Complaint as if fully set forth herein.

12.     Analog admits that United States Patent No. 4,847,755, entitled "Parallel Processing Method and Apparatus for Increasing Processing Throughout By Parallel Processing Low Level Instructions Having Natural Concurrencies" (the "755 Patent") was issued by the United Sates Patent and Trademark Office on July 11, 1989.  Analog further admits that a copy of the 755 Patent is attached to the Complaint as Exhibit 1. Analog denies that the 755 Patent was duly and legally issued.  Analog is without knowledge or information sufficient to form a belief as to the truth of the allegation that such patent was duly and legally assigned to BIAX.

13.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

2

14.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Analog denies the allegations contained in paragraph 17 of the Complaint.

18.     Analog denies the allegations contained in paragraph 18 of the Complaint.

19.     Analog denies the allegations contained in paragraph 19 of the Complaint.

**COUNT TWO**

20.     Analog incorporates its responses to paragraphs 1-19 of the Complaint as if fully set forth herein.

21.     Analog admits that United States Patent No. 5,021,945, entitled "Parallel Processor System for Processing Natural Occurrencies and Method Therefor" (the "'945 Patent") was issued by the United Sates Patent and Trademark Office on June 4, 1991. Analog further admits that a copy of the 945 Patent is attached to the Complaint as Exhibit 2. Analog denies that the 945 Patent was duly and legally issued. Analog is without knowledge or information sufficient to form a belief as to the truth of the allegation that such patent was duly and legally assigned to BIAX.

22.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

754.00003/284706.1

24.    Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    Analog denies the allegations contained in paragraph 25 of the Complaint.

26.    Analog denies the allegations contained in paragraph 26 of the Complaint.

27.    Analog denies the allegations contained in paragraph 26 of the Complaint.

## COUNT THREE

28.    Analog incorporates its responses to paragraphs 1-27 of the Complaint as if fully set forth herein.

29.    Analog admits that United States Patent No. 5,517,628, entitled "Computer With Instructions that Use an Address Field to Select Among Multiple Condition Code Registers" (the "628 Patent") was issued by the United Sates Patent and Trademark Office on June 6, 1996.  Analog further admits that a copy of the 628 Patent is attached to the Complaint as Exhibit 3.  Analog denies that the 628 Patent was duly and legally issued.  Analog is without knowledge or information sufficient to form a belief as to the truth of the allegation that such patent was duly and legally assigned to BIAX.

30.    Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.    Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.    Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

754.00003/284706.1

## COUNT FOUR

33.     Analog incorporates its responses to paragraphs 1-31 of the Complaint as if fully set forth herein.

34.     Analog admits that United States Patent No. 6,253,313 , entitled "Parallel Processor System for Processing Natural Concurrencies and Method Therefor" (the "313 Patent") was issued by the United Sates Patent and Trademark Office on June 26, 2001 Analog further admits that a copy of the 313 Patent is attached to the Complaint as Exhibit 4.  Analog denies that the 313 Patent was duly and legally issued.  Analog is without knowledge or information sufficient to form a belief as to the truth of the allegation that such patent was duly and legally assigned to BIAX.

35.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

## COUNT FIVE

38.     Analog incorporates its responses to paragraphs 1-37 of the Complaint as if fully set forth herein.

39.     Analog admits that United States Patent No. 5,765,037 , entitled "System for Executing Instructions With Delayed Firing Times" (the "037 Patent") was issued by the United Sates Patent and Trademark Office on June 9, 1998.  Analog further admits that a copy of the 628 Patent is attached to the Complaint as Exhibit 5.  Analog denies

754.00003/284706.1

that the 945 Patent was duly and legally issued.  Analog is without knowledge or information sufficient to form a belief as to the truth of the allegation that such patent was duly and legally assigned to BIAX.

40.    Analog denies the allegations contained in paragraph 40 of the Complaint.

41.    Analog denies the allegations contained in paragraph 41 of the Complaint.

42.    Analog denies the allegations contained in paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

43.    BIAX Corporation ("BIAX") is not entitled to any relief against Analog because Analog is not infringing and has not infringed any of the claims of the 755, 945, or 037 patents (collectively, the "BIAX Patents").

44.    One or more of the claims of the BIAX Patents are invalid under one or more sections of Title 35 of the U.S. Code, including without limitation, 35 U.S.C. §§ 102, 103 and 112.

45.    One or more of the BIAX Patents are unenforceable against Analog because of estoppel, laches, inequitable conduct, or other applicable equitable doctrines.

46.    Analog, pursuant to 28 U. S. C. §1498(a), is exempt from liability because and to the extent that an alleged invention described in and allegedly covered by any BIAX Patents are used or manufactured by or for the United States.

47.    Analog is exempt from liability for infringement in whole or in part to the extent that any of the alleged inventions described in and allegedly covered by the BIAX Patents is used or manufactured by or for Analog pursuant to a license.

48.    BIAX's alleged causes of action are barred under the doctrine of prosecution history estoppel.

49.     Plaintiffs have dedicated to the public any and all methods, apparatus, and products disclosed in the '683 patent but not literally claimed therein, and are thereby barred from claiming infringement by any such public domain methods, apparatus, and products.

50.     BIAX has dedicated to the public any and all methods, apparatus, and products disclosed in the BIAX patents but not literally claimed therein, and are thereby barred from claiming infringement by any such public domain methods, apparatus, and products.

51.     BIAX lacked standing to bring this action and that defect in the original Complaint has not been cured by amendment.

52.     The First Amended Complaint fails to state a claim for contributory infringement, inducement of infringement, or willful infringement.

53.     BIAX's damages, if any, are limited by their failure to comply with the notice and marking provisions of 35 U.S.C. § 287.

54.     This is an "exceptional" case under 35 U.S.C. § 285 such that attorneys' fees should be awarded to Analog.

## COUNTERCLAIMS

1.      Counterclaim plaintiff Analog Devices, Inc. ("Analog") for its counterclaims against BIAX, Inc. ("BIAX") alleges as follows:

## PARTIES

2.      Analog Devices, Inc. ("Analog") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at One Technology Way, Norwood, MA 02062.

7

3.      On information and belief, BIAX Corporation ("BIAX") is a corporation organized under the laws of the State of Colorado with a principal place of business located at 2452 Briarwood Drive, Boulder, Colorado 80305

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

5.      BIAX is subject to personal jurisdiction in this District.

6.      Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

7.      Upon information and belief, BIAX claims to be the owner of all rights, title and interest in and to the 755, 945, and 037 patents (collectively, the "BIAX Patents").

8.      BIAX has accused Analog of infringement of the BIAX Patents.

9.      BIAX's accusations give rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

## COUNT ONE
(Non-Infringement of the BIAX Patents)

10.     Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

11.     Analog is not infringing and has not infringed, directly, by inducement or contributorily, on any claim of the BIAX Patents.

754.00003/284706.1

12.     Analog is exempt from liability for infringement in whole or in part to the extent that any of the alleged inventions described in and allegedly covered by the BIAX Patents is used or manufactured by or for Analog pursuant to a license.

13.     To resolve the legal and factual questions raised by BIAX and to afford relief from the uncertainty and controversy which BIAX's accusations have precipitated, Analog is entitled to a declaratory judgment that it does not infringe on any claim of the BIAX Patents.

## COUNT TWO
(Invalidity of the BIAX Patents)

14.     Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

15.     One or more claims of the BIAX Patents are invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112.

16.     To resolve the legal and factual questions raised by BIAX and to afford relief from the uncertainty and controversy which BIAX's accusations have precipitated, Analog is entitled to a declaratory judgment that one or more claims of the BIAX Patents are invalid.

## COUNT THREE
(Unenforceability of the BIAX Patents)

17.     Analog repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

18.     One or more of the BIAX Patents are unenforceable against Analog because of estoppel, laches, or other applicable equitable doctrines.

9

19.     To resolve the legal and factual questions raised by BIAX and to afford relief from the uncertainty and controversy which BIAX's accusations have precipitated, Analog is entitled to a declaratory judgment that one or more of the BIAX Patents are unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Analog Devices, Inc. requests entry of judgment in its favor and against BIAX as follows:

A.     Adjudge that Analog has not infringed any of the BIAX Patents and/or that such patents are invalid and/or unenforceable, and enter a declaratory judgment to that effect;

B.     Dismiss BIAX's Complaint with prejudice, denying all relief to BIAX;

C.     Enter an order finding that this is an exceptional case and award Analog its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D.     Award Analog such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff Analog Devices, Inc. demands a trial by jury on all issues so triable.

754.00003/284706.1

Respectfully submitted,

By: _____

David J. Beck
Texas Bar No. 00000070
Beck, Redden & Secrest, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)
dbeck@brsfirm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT
ANALOG DEVICES, INC.**

Dated: August 3, 2005
*Of Counsel*:

Jim Taylor
B.D. Daniel
John Ben Blackburn
Beck, Redden & Secrest, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with the Federal Rules of Civil Procedure via E-file and Federal Express on this 2 day of August 2005 to:

Eric M. Albritton
Albritton Law Firm
PO Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Fax: (903) 758-7397

11

Barry W. Graham
E. Robert Yoches
Edward Naidich
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
901 New York Avenue, NW
Washington, D.C.  2001-4413
(203) 408-4000

Eric H. Findlay
Ramey & Flock, P.C.
100 E. Furgeson, Suite 500
Tyler, Tx.  75702
903-597-3301
903-597-2413 (fax)

Gil Gillam
Gillam & Smith, LLP
110 S. Bolivar, Suite 204
Marshall, Tx  75670
903-934-8450

Chris R. Ottenweller
G. Hopkins Guy III
Ulysses S.T. Hui
Brian VanderZanden
Orrick, Herrington, & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
650-614-7400
650-614-7401 (fax)

Jim Taylor

754.00003/284706.1

BOSTON 1854855v1