**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BIAX CORPORATION, )<br>)<br>       Plaintiff, )<br>       Counterclaim-Defendant )<br>)<br>       v. )<br>)<br>INTEL CORPORATION )<br>)<br>       and )<br>)<br>ANALOG DEVICES, INC. )<br>)<br>       Defendants, )<br>       Counterclaim-Plaintiffs. ) | Civil Action No. 02-05CV-184-TJW<br><br>**JURY TRIAL DEMANDED** |

**BIAX CORPORATION'S REPLY TO COUNTERCLAIMS OF DEFENDANT
ANALAOG DEVICES, INC.**

Plaintiff BIAX Corporation ("BIAX") responds to each of the numbered paragraphs of the counterclaims of Analaog Devices, Inc. ("Analog"), as set forth in its Original Answer and Counterclaim ("Counterclaims"), as follows:

1. BIAX admits that Analog purports to make the allegations set forth in paragraphs 2 through 19 of its Counterclaims against BIAX.

**PARTIES**

2. Upon information and belief, BIAX admits the allegations of paragraph 2 of Analog's Counterclaims.

3. BIAX admits the allegations of paragraph 3 of Analog's Counterclaims.

**JURISDICTION AND VENUE**

4. BIAX admits the allegations of paragraph 4 of Analog's Counterclaims.

5. BIAX admits the allegations of paragraph 5 of Analog's Counterclaims.

6. BIAX admits the allegations of paragraph 6 of Analog's Counterclaims.

## FACTS

7. BIAX admits the allegations of paragraph 7 of Analog's Counterclaims.

8. BIAX admits the allegations of paragraph 8 of Analog's Counterclaims.

9. BIAX admits the allegations of paragraph 9 of Analog's Counterclaims.

## COUNT ONE

10. BIAX's response to paragraphs 1-9 of Analog's Counterclaims are incorporated as though fully set forth herein.

11. BIAX denies the allegations of paragraph 11 of Analog's Counterclaims.

12. BIAX denies the allegations of paragraph 12 of Analog's Counterclaims.

13. BIAX denies the allegations of paragraph 13 of Analog's Counterclaims.

## COUNT TWO

14. BIAX's response to paragraphs 1-13 of Analog's Counterclaims are incorporated as though fully set forth herein.

15. BIAX denies the allegations of paragraph 15 of Analog's Counterclaims.

16. BIAX denies the allegations of paragraph 16 of Analog's Counterclaims.

## COUNT THREE

17. BIAX's response to paragraphs 1-16 of Analog's Counterclaims are incorporated as though fully set forth herein.

18. BIAX denies the allegations of paragraph 18 of Analog's Counterclaims.

19. BIAX denies the allegations of paragraph 19 of Analog's Counterclaims.

All allegations not specifically admitted are denied.

## **PRAYER FOR RELIEF**

WHEREFORE, BIAX prays for the following relief in addition to the relief sought in its First Amended Complaint.

1. Dismissal of Analog's Counterclaims, with prejudice.

2. An award to BIAX of its costs and attorney fees incurred in defending against Analog's Counterclaims.

3. Such other relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BIAX requests a trial by jury of all issues so triable.

August 26, 2005                                                  Respectfully submitted,

                                                                         Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
PO Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

OF COUNSEL:

Barry W. Graham
Washington DC Bar No. 291278
E. Robert Yoches
Washington DC Bar No. 342642
Edward J. Naidich
Washington DC Bar No. 481649
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000
barry.graham@finnegan.com
bob.yoches@finnegan.com
ed.naidich@finnegan.com

*Attorneys for BIAX Corporation*

4

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 26th day of August, 2005.

_____
Eric M. Albritton