**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BIAX CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| Counterclaim-Defendant ) | |
| ) | Civil Action No. 02-05CV-184-TJW |
| v. ) | |
| ) | |
| INTEL CORPORATION ) | **JURY TRIAL DEMANDED** |
| ) | |
| and ) | |
| ) | |
| ANALOG DEVICES, INC. ) | |
| ) | |
| Defendants, ) | |
| Counterclaim-Plaintiffs. ) | |

**BIAX CORPORATION'S REPLY TO FIRST AMENDED COUNTERCLAIM OF
DEFENDANT ANALOG DEVICES, INC.**

Plaintiff BIAX Corporation ("BIAX") responds to each of the numbered paragraphs of the counterclaims of Analog Devices, Inc. ("Analog"), as set forth in its Answer to Second Amended Complaint and First Amended Counterclaim ("Counterclaims"), as follows:

**PARTIES**

1.   Upon information and belief, BIAX admits the allegations of paragraph 1 of Analog's Counterclaims.

2.   BIAX admits the allegations of paragraph 2 of Analog's Counterclaims.

**JURISDICTION AND VENUE**

3.   BIAX admits the allegations of paragraph 3 of Analog's Counterclaims.

4.   BIAX admits the allegations of paragraph 4 of Analog's Counterclaims.

5.   BIAX admits the allegations of paragraph 5 of Analog's Counterclaims.

## FACTS

6. BIAX admits the allegations of paragraph 7 of Analog's Counterclaims.

7. BIAX admits the allegations of paragraph 8 of Analog's Counterclaims.

8. BIAX admits the allegations of paragraph 9 of Analog's Counterclaims.

## COUNT ONE

9. BIAX's response to paragraphs 1-8 of Analog's Counterclaims are incorporated as though fully set forth herein.

10. BIAX denies the allegations of paragraph 10 of Analog's Counterclaims.

11. BIAX denies the allegations of paragraph 11 of Analog's Counterclaims.

12. BIAX denies the allegations of paragraph 12 of Analog's Counterclaims.

## COUNT TWO

13. BIAX's response to paragraphs 1-12 of Analog's Counterclaims are incorporated as though fully set forth herein.

14. BIAX denies the allegations of paragraph 14 of Analog's Counterclaims.

15. BIAX denies the allegations of paragraph 15 of Analog's Counterclaims.

## COUNT THREE

16. BIAX's response to paragraphs 1-15 of Analog's Counterclaims are incorporated as though fully set forth herein.

17. BIAX denies the allegations of paragraph 17 of Analog's Counterclaims.

18. BIAX admits that the patent examiner subjected proposed claims 74-98 of U.S. Patent Application Serial No. 08/480,691 ("the '691 application") to a restriction requirement and deemed them non-elected. BIAX admits that proposed claims 74-98 of U.S. Patent

Application Serial No. 08/914,077[1] ("the '077 application") were rejected over prior art, including U.S. Patent No. 4,742,453 and P. Kogge, *The Architecture of Pipelined Computers*. BIAX admits that after receiving a rejection of the proposed claims in the '077 application, BIAX succeeded in overcoming the restriction requirement with respect to the '691 application. BIAX denies the remaining allegations of paragraph 18 of Analog's counterclaims.

19. BIAX denies the allegations of paragraph 19 of Analog's Counterclaims.

All allegations not specifically admitted are denied.

## PRAYER FOR RELIEF

WHEREFORE, BIAX prays for the following relief in addition to the relief sought in its Second Amended Complaint.

1. Dismissal of Analog's Counterclaims, with prejudice.

2. An award to BIAX of its costs and attorney fees incurred in defending against Analog's Counterclaims.

3. Such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BIAX requests a trial by jury of all issues so triable.

---

[1] In its Counterclaims, Analog refers to "Serial No. 08/480,077." This appears to be a typographical error since there are no BIAX patent applications bearing that number. Analog must be referring to Serial No. 08/914,077. Thus, in answering Intel's Counterclaims, BIAX has treated every reference to "Serial No. 08/480,077" and "the '077 application" as though it were referring to serial No. 08/914,077. To the extent that Analog intended to refer to Serial No. 08/480,077 in its allegations, all such allegations are denied.

| | |
|---|---|
| December 13, 2005 | Respectfully submitted, |
| | *[signature: EM Albritton]* |
| | Eric M. Albritton |
| | Attorney-in-Charge |
| | Texas State Bar No. 00790215 |
| | Albritton Law Firm |
| | PO Box 2649 |
| | Longview, Texas 75606 |
| | Telephone: (903) 757-8449 |
| | Facsimile: (903) 758-7397 |
| | ema@emafirm.com |

OF COUNSEL:

Barry W. Graham
Washington DC Bar No. 291278
E. Robert Yoches
Washington DC Bar No. 342642
Edward J. Naidich
Washington DC Bar No. 481649
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000
barry.graham@finnegan.com
bob.yoches@finnegan.com
ed.naidich@finnegan.com

*Attorneys for BIAX Corporation*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 13th day of December, 2005.

                /s/ Eric M. Albritton
                Eric M. Albritton