# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BIAX CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| Counterclaim-Defendant ) | |
| ) | Civil Action No. 02-05CV-184-TJW |
| v. ) | |
| ) | |
| INTEL CORPORATION ) | **JURY TRIAL DEMANDED** |
| ) | |
| and ) | |
| ) | |
| ANALOG DEVICES, INC. ) | |
| ) | |
| Defendants, ) | |
| Counterclaim-Plaintiffs. ) | |

## BIAX CORPORATION'S REPLY TO FIRST AMENDED COUNTERCLAIMS OF DEFENDANT INTEL CORPORATION

Plaintiff BIAX Corporation ("BIAX") responds to each of the numbered paragraphs of the counterclaims of Intel Corporation ("Intel"), as set forth in its Answer and Counterclaims to Second Amended Complaint ("Counterclaims"), as follows:

1. Paragraph 1 of Intel's Counterclaims incorporates the preceding paragraphs of Intel's Answer, including paragraphs 1-48 and Intel's Affirmative Defenses. Paragraphs 1-48, however, answer paragraphs 1-48 of BIAX's Second Amended Complaint and BIAX does not believe that responding to Intel's answers to BIAX's allegations or to Intel's Affirmative Defenses is either necessary or appropriate. However, BIAX denies the substance of Intel's Affirmative Defenses.

2. BIAX admits the allegations of paragraph 2 of Intel's Counterclaims.

3. BIAX admits the allegations of paragraph 3 of Intel's Counterclaims.

## COUNT ONE

4.      BIAX's response to paragraphs 1-3 of Intel's Counterclaims are incorporated as though fully set forth herein.

5.      BIAX denies the allegations of paragraph 5 of Intel's Counterclaims.

## COUNT TWO

6.      BIAX's response to paragraphs 1-3 of Intel's Counterclaims are incorporated as though fully set forth herein.

7.      BIAX denies the allegations of paragraph 7 of Intel's Counterclaims.

## COUNT THREE

8.      BIAX's response to paragraphs 1-3 of Intel's Counterclaims are incorporated as though fully set forth herein.

9.      BIAX denies the allegations of paragraph 9 of Intel's Counterclaims.

10.     BIAX denies the allegations of paragraph 10 of Intel's Counterclaims.

11.     BIAX admits the allegations of paragraph 11 of Intel's Counterclaims.

12.     BIAX admits that on or about May 27, 1997, BIAX first submitted newly proposed claims 74-98 for examination in U.S. Patent Application Serial No. 08/480,691 ("the '691 application").  BIAX denies the remaining allegations of paragraph 12 of Intel's Counterclaims.

13.     BIAX admits that the patent examiner subjected proposed claims 74-98 of the '691 application to a restriction requirement and deemed them non-elected.  BIAX admits that the claims proposed in U.S. Patent Application Serial No. 08/914,077 were numbered 74-98 and were identical to the claims numbered 74-98 in the '691 application.  BIAX denies the remaining allegations of paragraph 13 of Intel's Counterclaims.

14. BIAX admits that Patent Examiner William Treat rejected Claims 74-98 of patent application Serial No. 08/914,077 as unpatentable. BIAX denies the remaining allegations of paragraph 14 of Intel's Counterclaims.

15. BIAX admits that on or about September 17, 1999, BIAX succeeded in overturning the restriction requirement on the proposed claims 74-98 of the '691 application. BIAX denies the remaining allegations of paragraph 15 of Intel's Counterclaims.

16. BIAX denies the allegations of paragraph 16 of Intel's Counterclaims.

17. BIAX denies the allegations of paragraph 17 of Intel's Counterclaims.

18. BIAX denies the allegations of paragraph 18 of Intel's Counterclaims.

All allegations not specifically admitted are denied.

## PRAYER FOR RELIEF

WHEREFORE, BIAX prays for the following relief in addition to the relief sought in its Amended Complaint.

1. Dismissal of Intel's Counterclaims, with prejudice.
2. An award to BIAX of its costs and attorney fees incurred in defending against Intel's Counterclaims.
3. Such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BIAX requests a trial by jury of all issues so triable.

December 20, 2005

Respectfully submitted,

Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
PO Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

OF COUNSEL:

Barry W. Graham
Washington DC Bar No. 291278
E. Robert Yoches
Washington DC Bar No. 342642
Edward J. Naidich
Washington DC Bar No. 481649
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000
barry.graham@finnegan.com
bob.yoches@finnegan.com
ed.naidich@finnegan.com

*Attorneys for BIAX Corporation*

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 20th day of December, 2005.

                                               _/s/ Eric M. Albritton_
                                               Eric M. Albritton