IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BIAX CORPORATION,<br><br>　　　　Plaintiff/ Counterclaim<br>　　　　Defendant,<br>v.<br><br>INTEL CORPORATION,<br><br>　　　　Defendant/Counterclaimant.<br><br>and<br><br>ANALOG DEVICES, INC.,<br><br>　　　　Defendant/Counterclaimant. | Case No.: 2-05 CV-184 (TJW)<br><br>**NOTICE OF NONPARTY DISCOVERY** |

　　　　PLEASE TAKE NOTICE that, pursuant to Rule 45(a) of the Federal Rules of Civil Procedure, a subpoena (copy of which is attached hereto) has been, or will be, issued by Defendant Intel Corporation ("Intel") directing the following nonparty witnesses to produce documents at the time and place indicated in the subpoenas:

　　　　1.　　Cochran Consulting
　　　　　　　c/o Steve McCall
　　　　　　　1758 Firman Drive
　　　　　　　Richardson, Texas 75091

Dated: June 13, 2006　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Eric H. Findlay
　　　　　　　　　　　　　　　　　　　　　　　Eric Findlay
　　　　　　　　　　　　　　　　　　　　　　　Ramey & Flock PC
　　　　　　　　　　　　　　　　　　　　　　　100 E. Ferguson, Suite 500
　　　　　　　　　　　　　　　　　　　　　　　Tyler, TX 75702-0629
　　　　　　　　　　　　　　　　　　　　　　　Tel. (903) 510-5213

                                        Harry Lee Gillam, Jr., Attorney In Charge
                                        Gillam & Smith LLP
                                        110 S. Bolivar, Suite 204
                                        Marshall, TX 75670
                                        Tel. (903) 934-8450

OF COUNSEL:

Chris R. Ottenweller
G. Hopkins Guy III
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel. (650) 614-7400

Lisa C. Ward
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza
Irvine, CA 92614-2558
Tel. (949) 567-6700

Alex V. Chachkes
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103-0001
Tel. (212) 506-5000

*Attorneys for Intel Corporation*

## CERTIFICATE OF SERVICE

This will confirm that a true and correct copy of the foregoing "NOTICE OF NONPARTY DISCOVERY" was served on parties via electronic mail on June 13, 2006:

                                        /s/ Eric H. Findlay
                                        Eric Findlay

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Texas |

BIAX CORPORATION

V.

INTEL CORPORATION and ANALOG DEVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:05-cv-184(TJW)

TO:  Cochran Consulting
C/o: Steve McCall
1758 Firman Drive
Richardson, Texas  75091

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE  Ramey & Flock  100 East Ferguson Suite 500, Tyler, Texas 75702 | DATE AND TIME  7/4/2006 5:00 pm |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE  Jun 13, 2006

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric H. Findlay, Esq.
Ramey & Flock, 100 East Ferguson Suite 500, Tyler, Texas, 75702; Phone (903) 597-3301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/13/2006 | Richardson, Texas |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Steve McCall | CMRRR: 7001 2510 0000 8733 2173 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Nicole Isom | Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  6/13/2006
          DATE

Nicole Isom
SIGNATURE OF SERVER

100 E. Ferguson, Suite 500
ADDRESS OF SERVER

Tyler, TX 75702

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit A

### Definitions

1. As used herein "BIAX" shall mean BIAX Corporation, and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf, including without limitation, Morrison Computer Corporation, MCC Development Ltd., Gordon E. Morrison, Raymond S. Livingstone, Jr., Scott Livingstone, RMC Management, Richard Robinson, Esq., MicroMethods, Gary Boone and Ireland Stapleton Pryor & Pascoe PC.

2. As used herein, "the BIAX Patents" shall mean:

   U.S. Patent No. 4,847,755;
   U.S. Patent No. 5,021,945;
   U.S. Patent No. 5,517,628; and
   U.S. Patent No. 6,253,313.

3. "BIAX's Technology" shall mean any parallel processing technology, supercomputer architecture, or other technology or architecture developed, claimed, owned, licensed, or marketed by BIAX at any time, including, without limitation, the technology disclosed in the BIAX Patents, the Transdimensional Computer Architecture ("TDA"), and the Totally Optimizing Link Loader ("TOLL") software.

4. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy, reproduction, draft, or translation in your possession, custody, or control, and further is used in a broad sense to refer to any tangible object that contains, conveys, or records information. The term includes, without limitation, any of the items on the following representative list: correspondence, e-mail, internal company communications, telegrams, cables, summaries or

1

records of conversations, summaries of interviews or investigations, minutes or records of meetings, books, articles, newspapers, ledger books, books of accounts, invoices, receipts, financial statements, tax returns, memoranda, reports, opinions or reports of consultants or counsel, maps, charts, labels, artwork, photographs, drawings, blueprints, schematics, sketches, tracings, graphs, films, videotapes, microfilm, tape recordings, phone records, contracts, subcontracts, proposals, requests for proposals, solicitations, competitor analyses, agreements, assignments, licenses, advertisements, promotional literature, sales literature, trade letters, press releases, drafts and revisions of drafts, notes, work papers, diaries, notebooks, data compilations, punch cards, magnetic or optical media, hard or floppy disks, magnetic tape, ROMs, PROMs, EPROMs, printouts and microfiche. Any original or copy of a document containing thereon or having attached thereto any alterations, notes comments, or other material not included in the first document shall be deemed a separate document.

5.  As used herein, the terms "relating to" and "concerning" shall mean relating to, referring to, comprising, reflecting, describing, discussing, concerning, regarding, involving, identified by, tending to prove or disprove and/or bearing on in any way, using for each request whichever definition makes the request the most inclusive.

6.  As used herein, "and" and "or" shall be construed either disjunctively or conjunctively, so as to acquire the broadest meaning possible.

7.  As used herein, "any" and "all" shall each mean "each and every," so as to acquire the broadest meaning possible.

8.  As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

9.  As used herein, the use of a verb in any tense shall be construed as the use of that verb in all other tenses.

10. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

11. The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Federal Rule of Civil Procedure 26(e).

### Instructions

The following instructions apply to each request contained herein.

1.  These requests seek production of all responsive documents in your possession, custody or control, including, without limitation, all responsive documents maintained by you, or any attorney, any accountants, or any other custodian or agent who will provide the documents to you upon your request.

2.  If a document is no longer in your possession, custody or control, other than in the ordinary course state: its date, author(s), recipient(s), subject matter, when such document was most recently in your possession, custody or control and what disposition was made of it, and the person, organization or entity presently in possession, custody or control of such document. If a document has been lost or destroyed, in addition to the foregoing, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed, and state the reason for its destruction.

3.  Each request for documents contemplates production of the documents in their entirety. If a document responsive to any request herein cannot be produced in full, it shall be produced to the extent possible, with an explanation as to why production of the remainder is not possible.

3

4. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the particular request(s) to which they are responsive.

5. If any document called for by the requests set forth herein is withheld from production on a claim of privilege or work product immunity, produce so much of the document as to which you do not claim privilege or work product immunity, and state separately for each document or part of a document withheld: (i) the type of document; (ii) the name of its author or authors; (iii) the name of each recipient and each person to whom a copy or copies were furnished or shown; (iv) the date of the document; (v) the title and general subject matter; and (vi) the nature of the privilege or work product immunity claimed.

6. Each request for documents is continuing in nature. If, after responding to the requests herein, you acquire, obtain or become aware of further documents responsive to any request, or if any additional documents come into existence up to and including the time of trial, such documents shall be produced promptly in accordance with the Federal Rules of Civil Procedure.

7. Each paragraph, subparagraph, clause and word herein shall be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

### Document Requests

1. All documents and things concerning, relating, or referring to BIAX, BIAX's Technology, or any of the BIAX Patents.

2. All documents and things sent to or received from Raymond S. Livingstone or Scott Livingstone including, without limitation, correspondence, memoranda, analyses, letters, emails, notes, presentations, proposals, and memoranda concerning, relating or referring to BIAX, BIAX's Technology, or the BIAX Patents.

3. All documents and things concerning, relating; or referring to the actual or potential infringement of any of the BIAX Patents by products manufactured and/or sold by International Business Machines Corporation ("IBM"), Intel Corporation ("Intel"), Apple Computer, Inc. ("Apple"), Motorola Inc.("Motorola"), Philips Electronics North America Corporation ("Philips"), Samsung Corporation ("Samsung"), Advanced Micro Devices, Inc. ("AMD"), Sony Corporation ("Sony"), or any other entities.

4. All documents and things concerning, relating, or referring to any proposed or actual license or sale of any of the BIAX Patents to any person or entity including, without limitation, Philips, Samsung, AMD and Sony.

5. All documents and things concerning, relating, or referring to any actual or proposed arrangements for funding, financing, or investing in BIAX by any person or entity.

6. All documents and things sent to or received from or BIAX on behalf of BIAX, including, without limitation, correspondence, memoranda, analyses, prior art, agreements, licenses, draft licenses, proposals, offers to license, letters of intent, nondisclosure agreements, and patent opinions.

7. All documents and things concerning, relating, or referring to the BIAX Patents, including, without limitation, opinions obtained or generated by or on behalf of BIAX or any other person or entity, final or draft license agreements, letters of intent, correspondence, prior art, search reports, studies, memoranda, analyses, and notes.

8. All documents and things concerning, relating, or referring to actual or proposed BIAX patent applications and/or patent claims, including, but not limited to, prior art, draft applications, proposed claims, memoranda, correspondence, analyses, studies, disclosures, proposals, license agreements, letters of intent, draft licenses, negotiations, notes, and opinions.

9. All documents and things concerning, relating, or referring to any articles, patents, or any other publications which relate to devices that potentially infringe any of the BIAX Patents, including articles, patents, or any other publications which refer to MAP1000A.

10. All documents and things requested by or produced to any other party in connection with this litigation.

11. All documents and things produced to any party in connection with BIAX Corporation v. Apple Computer, Inc., International Business Machines Corporation, and Motorola, Inc., C.A. No. 01-601-KAJ in the United States District Court for the District of Delaware, and/or In the Matter of Certain Digital Processors and Digital Processing Systems, Components Thereof, and Products Containing Same, Investigation No. 337-TA-529 in the United States International Trade Commission, Washington, D.C.