IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BIAX CORPORATION,<br><br>    Plaintiff/ Counterclaim<br>    Defendant,<br>v.<br><br>INTEL CORPORATION,<br><br>    Defendant/Counterclaimant.<br><br>and<br><br>ANALOG DEVICES, INC.,<br><br>    Defendant/Counterclaimant. | Case No.: 2-05 CV-184 (TJW)<br><br>**NOTICE OF NONPARTY DISCOVERY** |

PLEASE TAKE NOTICE that, pursuant to Rule 45(a) of the Federal Rules of Civil Procedure, subpoenas (copies of which are attached hereto) have been, or will be, issued by Defendant Intel Corporation ("Intel") directing the following nonparty witnesses to produce documents at the time and place indicated in the subpoenas:

1. Litigation Risk Management, Inc.

2. Craig M. Carothers
   CMC IAM, PLLC

Dated: July 11, 2006

Respectfully submitted,

/s/ Eric H. Findlay
Eric Findlay
Ramey & Flock PC
100 E. Ferguson, Suite 500
Tyler, TX 75702-0629

1

Tel. (903) 510-5213

Harry Lee Gillam, Jr., Lead Attorney
Gillam & Smith LLP
110 S. Bolivar, Suite 204
Marshall, TX 75670
Tel. (903) 934-8450

OF COUNSEL:

Chris R. Ottenweller
G. Hopkins Guy III
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel. (650) 614-7400

Lisa C. Ward
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza
Irvine, CA 92614-2558
Tel. (949) 567-6700

Alex V. Chachkes
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103-0001
Tel. (212) 506-5000

*Attorneys for Intel Corporation*

## CERTIFICATE OF SERVICE

This will confirm that a true and correct copy of the foregoing "NOTICE OF NONPARTY DISCOVERY" was served on parties via electronic mail on July 11, 2006.

/s/ Eric H. Findlay
Eric Findlay

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern **DISTRICT OF** Texas

BIAX CORPORATION

V.

INTEL CORPORATION and ANALOG DEVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2-05 CV-184 (TJW)

TO: Litigation Risk Management, Inc.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Ramey & Flock<br>100 East Ferguson Suite 500, Tyler, Texas 75702 | 8/4/2006 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 7/10/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eric H. Findlay, Esq.
Ramey & Flock, 100 East Ferguson Suite 500, Tyler, Texas, 75702; Phone (903) 597-3301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                         DATE                                                SIGNATURE OF SERVER

                                                                         _____
                                                                         ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit A

### Definitions

1. As used herein "BIAX" shall mean BIAX Corporation and other persons acting on its behalf; and the officers, employees, counsel, agents, consultants, and representatives of BIAX Corporation.

2. As used herein "MCC" shall mean Morrison Computer Corporation and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf; and the officers, employees, counsel, agents, consultants, and representatives of those companies, including but not limited to COSA Technologies, Inc., EBL Inc., Equipment Investment & Management Company, Inc., Livingstone Development LLC, Livingstone Holdings Corp., Livingstone Leasing Inc., MCC Development Ltd., and R.S.L. Management Inc.

3. As used herein, "the BIAX Patents" shall mean U.S. Patent Nos. 4,847,755, 5,021,945; 5,517,628; and 6,253,313 and any patent application(s) leading thereto, including without limitation any parent application(s), grandparent application(s), etc., and any application(s) (including published and unpublished, pending or abandoned applications) from or through which the BIAX Patents claim priority.

4. As used herein, "TDA" shall mean "Trans-Dimensional Computer Architecture" or "Time-Driven Architecture."

5. As used herein, "BIAX" shall mean "BImodal Application aXcellerator."

6. The terms "person" and "persons" refer to both natural persons and entities, such as organizations, firms, corporations, and other legal entities. The acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

7. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy, reproduction, draft, or translation in your possession, custody, or control, and further is used in a broad sense to refer to any tangible object that contains, conveys, or records information. The term includes, without limitation, any of the items on the following representative list: correspondence, e-mail, internal company communications, telegrams, cables, summaries or records of conversations, summaries of interviews or investigations, minutes or records of meetings, books, articles, newspapers, ledger books, books of accounts, invoices, receipts, financial statements, tax returns, memoranda, reports, opinions or reports of consultants or counsel, maps, charts, labels, artwork, photographs, drawings, blueprints, schematics, sketches, tracings, graphs, films, videotapes, microfilm, tape recordings, phone records, contracts, subcontracts, proposals, requests for proposals, solicitations, competitor analyses, agreements, assignments, licenses, advertisements, promotional literature, sales literature, trade letters, press releases, drafts and revisions of drafts, notes, work papers, diaries, notebooks, data compilations, punch cards, magnetic or optical media, hard or floppy disks, magnetic tape, ROMs, PROMs, EPROMs, printouts and microfiche. Any original or copy of a document containing thereon or having attached thereto any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document.

8. The term "thing" means any physical specimen or other tangible item other than a document.

9. The use of the singular form of any word includes the plural and vise versa.

10. The term "Prior Art" includes all documents and activities that constitute, describe, or refer to the subject matter claimed in each of the BIAX Patents prior to their

respective filing dates or any reference, subject matter, event or other matter under 35 U.S.C. §102 and/or §103.

11. The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise), and a document request for "communications" includes correspondence, telexes, facsimile transmission, telecopies, electronic mail, all attachments and enclosure thereto, recordings in any medium or oral communications, telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

12. The terms "and," "or," and "and/or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

13. Requests seeking information "relating to" a particular subject shall be construed in its most-inclusive sense, and shall be considered a request that you produce documents that relate to, refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, consist of, comprise, show, comment on, evidence, describe, or in any other way concern the subject matter.

## Instructions

The following instructions apply to each request contained herein.

1. These requests seek production of all responsive documents in your possession, custody or control, including, without limitation, all responsive documents maintained by you, or any attorney, any accountants, or any other custodian or agent who may provide the documents to you upon your request.

2. If a document is no longer in your possession, custody or control, other than in the ordinary course, state the following: its date, author(s), recipient(s), subject matter, when such document was most recently in your possession, custody or control and what disposition was

3

made of it, and the person, organization or entity presently in possession, custody or control of such document. If a document has been lost or destroyed, in addition to the foregoing, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed, and state the reason for its destruction.

3. Each request for documents contemplates production of the documents in their entirety. If a document responsive to any request herein cannot be produced in full, it shall be produced to the extent possible, with an explanation as to why production of the remainder is not possible.

4. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the particular request(s) to which they are responsive.

5. If any document called for by the requests set forth herein is withheld from production on a claim of privilege or work product immunity, produce so much of the document as to which you do not claim privilege or work product immunity, and state separately for each document or part of a document withheld: (i) the type of document; (ii) the name of its author or authors; (iii) the name of each recipient and each person to whom a copy or copies were furnished or shown; (iv) the date of the document; (v) the title and general subject matter; and (vi) the nature of the privilege or work product immunity claimed.

6. Each request for documents is continuing in nature. If, after responding to the requests herein, you acquire, obtain or become aware of further documents responsive to any request, or if any additional documents come into existence up to and including the time of trial, such documents shall be produced promptly in accordance with the Federal Rules of Civil Procedure.

7. Each paragraph, subparagraph, clause and word herein shall be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

## Document Requests

1. All documents and things relating to the design, development, implementation, manufacture, testing, demonstration, sale or offer of sale of any product or technology (including any prototype or developmental product or technology) of MCC or BIAX, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II, and/or parallel processing.

2. All documents and things authored by you relating to the design, development, implementation, manufacture, testing, demonstration, sale or offer of sale of any product or technology (including any prototype or developmental product or technology) of MCC or BIAX, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II, and/or parallel processing.

3. All documents and things relating to the licensing activity of (a) BIAX and/or (b) MCC.

4. All documents and things relating to business plans of (a) BIAX and/or (b) MCC.

5. All documents and things relating to the TDA architecture.

6. All documents and things relating to the TOLL software.

7. All documents and things relating to a computational server.

8. All documents and things relating to BIAX-I and/or BIAX-II.

9. All documents and things relating to parallel processing.

10. All communications between you and (a) Gordon E. Morrison, (b) Christopher B. Brooks, and/or (c) Frederick G. Gluck.

11. All documents and things relating to the preparation, decision to file, filing, and prosecution of the BIAX Patents and any counterparts thereof, including without limitation: all documents that provided any part of the basis for the preparation of the application; all documents relating to communications between you and any other employee or any patent agent or attorney; all drafts of the applications or any papers filed during prosecution; and all drawings prepared in connection with the applications.

12. All documents and things relating to any evaluation, analysis, or opinion made by any Person regarding the novelty, patentability, validity, enforceability, scope, or infringement of the alleged inventions of the BIAX Patents, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II and/or parallel processing.

13. All documents and things relating to any Prior Art to the BIAX Patents.

14. All documents and things relating to any valuation made by any Person of the alleged inventions of the BIAX Patents, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II and/or parallel processing.

15. All documents and things relating to any products that allegedly infringe or are covered by the alleged inventions of the BIAX Patents, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II and/or parallel processing.

16. All documents and things relating to any funding, financing or investing by you or any other person in (a) BIAX and/or (b) MCC.

17. All documents and things relating to any presentations made to potential investors of (a) BIAX and/or (b) MCC.

18. All contracts and agreements, including consulting agreements, between you and (a) BIAX and/or (b) MCC.

19. All documents and things relating to any of the following pieces of litigation:

- BIAX Corporation v. Intel Corporation and Analog Devices, Inc., Case number 2-05 CV-184 (TJW) in the Eastern District of Texas

- BIAX Corporation v. Apple Computer, Inc., International Business Machines Corporation, and Motorola, Inc., C.A. No. 01-601-KAJ in the United States District Court for the District of Delaware

- In the Matter of Certain Digital Processors and Digital Processing Systems, Components Thereof, and Products Containing Same, Investigation No. 337-TA-529 in the United States International Trade Commission, Washington, D.C.

20. All documents and things produced by you to any party in connection with any of the following pieces of litigation:

- BIAX Corporation v. Intel Corporation and Analog Devices, Inc., Case number 2-05 CV-184 (TJW) in the Eastern District of Texas

- BIAX Corporation v. Apple Computer, Inc., International Business Machines Corporation, and Motorola, Inc., C.A. No. 01-601-KAJ in the United States District Court for the District of Delaware

- In the Matter of Certain Digital Processors and Digital Processing Systems, Components Thereof, and Products Containing Same, Investigation No. 337-TA-529 in the United States International Trade Commission, Washington, D.C.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Eastern      DISTRICT OF      Texas

BIAX CORPORATION

V.

INTEL CORPORATION and ANALOG DEVICES

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2-05 CV-184 (TJW)

TO: Craig M. Carothers
       CMC IAM, PLLC

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Ramey & Flock<br>100 East Ferguson Suite 500, Tyler, Texas 75702 | 8/4/2006 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 7/10/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric H. Findlay, Esq.
Ramey & Flock, 100 East Ferguson Suite 500, Tyler, Texas, 75702; Phone (903) 597-3301

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 2**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit A

### Definitions

1. As used herein "BIAX" shall mean BIAX Corporation and other persons acting on its behalf; and the officers, employees, counsel, agents, consultants, and representatives of BIAX Corporation.

2. As used herein "MCC" shall mean Morrison Computer Corporation and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf; and the officers, employees, counsel, agents, consultants, and representatives of those companies, including but not limited to COSA Technologies, Inc., EBL Inc., Equipment Investment & Management Company, Inc., Livingstone Development LLC, Livingstone Holdings Corp., Livingstone Leasing Inc., MCC Development Ltd., and R.S.L. Management Inc.

3. As used herein, "the BIAX Patents" shall mean U.S. Patent Nos. 4,847,755; 5,021,945; 5,517,628; and 6,253,313 and any patent application(s) leading thereto, including without limitation any parent application(s), grandparent application(s), etc., and any application(s) (including published and unpublished, pending or abandoned applications) from or through which the BIAX Patents claim priority.

4. As used herein, "TDA" shall mean "Trans-Dimensional Computer Architecture" or "Time-Driven Architecture."

5. As used herein, "BIAX" shall mean "BImodal Application aXcellerator."

6. The terms "person" and "persons" refer to both natural persons and entities, such as organizations, firms, corporations, and other legal entities. The acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

1

7.  As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy, reproduction, draft, or translation in your possession, custody, or control, and further is used in a broad sense to refer to any tangible object that contains, conveys, or records information. The term includes, without limitation, any of the items on the following representative list: correspondence, e-mail, internal company communications, telegrams, cables, summaries or records of conversations, summaries of interviews or investigations, minutes or records of meetings, books, articles, newspapers, ledger books, books of accounts, invoices, receipts, financial statements, tax returns, memoranda, reports, opinions or reports of consultants or counsel, maps, charts, labels, artwork, photographs, drawings, blueprints, schematics, sketches, tracings, graphs, films, videotapes, microfilm, tape recordings, phone records, contracts, subcontracts, proposals, requests for proposals, solicitations, competitor analyses, agreements, assignments, licenses, advertisements, promotional literature, sales literature, trade letters, press releases, drafts and revisions of drafts, notes, work papers, diaries, notebooks, data compilations, punch cards, magnetic or optical media, hard or floppy disks, magnetic tape, ROMs, PROMs, EPROMs, printouts and microfiche. Any original or copy of a document containing thereon or having attached thereto any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document.

8.  The term "thing" means any physical specimen or other tangible item other than a document.

9.  The use of the singular form of any word includes the plural and vise versa.

10. The term "Prior Art" includes all documents and activities that constitute, describe, or refer to the subject matter claimed in each of the BIAX Patents prior to their

respective filing dates or any reference, subject matter, event or other matter under 35 U.S.C. §102 and/or §103.

11.     The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise), and a document request for "communications" includes correspondence, telexes, facsimile transmission, telecopies, electronic mail, all attachments and enclosure thereto, recordings in any medium or oral communications, telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

12.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

13.     Requests seeking information "relating to" a particular subject shall be construed in its most-inclusive sense, and shall be considered a request that you produce documents that relate to, refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, consist of, comprise, show, comment on, evidence, describe, or in any other way concern the subject matter.

## Instructions

The following instructions apply to each request contained herein.

1.     These requests seek production of all responsive documents in your possession, custody or control, including, without limitation, all responsive documents maintained by you, or any attorney, any accountants, or any other custodian or agent who may provide the documents to you upon your request.

2.     If a document is no longer in your possession, custody or control, other than in the ordinary course, state the following: its date, author(s), recipient(s), subject matter, when such document was most recently in your possession, custody or control and what disposition was

3

made of it, and the person, organization or entity presently in possession, custody or control of such document. If a document has been lost or destroyed, in addition to the foregoing, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed, and state the reason for its destruction.

3. Each request for documents contemplates production of the documents in their entirety. If a document responsive to any request herein cannot be produced in full, it shall be produced to the extent possible, with an explanation as to why production of the remainder is not possible.

4. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the particular request(s) to which they are responsive.

5. If any document called for by the requests set forth herein is withheld from production on a claim of privilege or work product immunity, produce so much of the document as to which you do not claim privilege or work product immunity, and state separately for each document or part of a document withheld: (i) the type of document; (ii) the name of its author or authors; (iii) the name of each recipient and each person to whom a copy or copies were furnished or shown; (iv) the date of the document; (v) the title and general subject matter; and (vi) the nature of the privilege or work product immunity claimed.

6. Each request for documents is continuing in nature. If, after responding to the requests herein, you acquire, obtain or become aware of further documents responsive to any request, or if any additional documents come into existence up to and including the time of trial, such documents shall be produced promptly in accordance with the Federal Rules of Civil Procedure.

7.  Each paragraph, subparagraph, clause and word herein shall be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

## Document Requests

1.  All documents and things relating to the design, development, implementation, manufacture, testing, demonstration, sale or offer of sale of any product or technology (including any prototype or developmental product or technology) of MCC or BIAX, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II, and/or parallel processing.

2.  All documents and things authored by you relating to the design, development, implementation, manufacture, testing, demonstration, sale or offer of sale of any product or technology (including any prototype or developmental product or technology) of MCC or BIAX, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II, and/or parallel processing.

3.  All documents and things relating to the licensing activity of (a) BIAX and/or (b) MCC.

4.  All documents and things relating to business plans of (a) BIAX and/or (b) MCC.

5.  All documents and things relating to the TDA architecture.

6.  All documents and things relating to the TOLL software.

7.  All documents and things relating to a computational server.

8.  All documents and things relating to BIAX-I and/or BIAX-II.

9.  All documents and things relating to parallel processing.

10. All communications between you and (a) Gordon E. Morrison, (b) Christopher B. Brooks, and/or (c) Frederick G. Gluck.

11. All documents and things relating to the preparation, decision to file, filing, and prosecution of the BIAX Patents and any counterparts thereof, including without limitation: all documents that provided any part of the basis for the preparation of the application; all documents relating to communications between you and any other employee or any patent agent or attorney; all drafts of the applications or any papers filed during prosecution; and all drawings prepared in connection with the applications.

12. All documents and things relating to any evaluation, analysis, or opinion made by any Person regarding the novelty, patentability, validity, enforceability, scope, or infringement of the alleged inventions of the BIAX Patents, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II and/or parallel processing.

13. All documents and things relating to any Prior Art to the BIAX Patents.

14. All documents and things relating to any valuation made by any Person of the alleged inventions of the BIAX Patents, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II and/or parallel processing.

15. All documents and things relating to any products that allegedly infringe or are covered by the alleged inventions of the BIAX Patents, including but not limited to: TOLL, TDA, computational server, BIAX-I, BIAX-II and/or parallel processing.

16. All documents and things relating to any funding, financing or investing by you or any other person in (a) BIAX and/or (b) MCC.

17. All documents and things relating to any presentations made to potential investors of (a) BIAX and/or (b) MCC.

18. All contracts and agreements, including consulting agreements, between you and (a) BIAX and/or (b) MCC.

6

19. All documents and things relating to any of the following pieces of litigation:

- BIAX Corporation v. Intel Corporation and Analog Devices, Inc., Case number 2-05 CV-184 (TJW) in the Eastern District of Texas

- BIAX Corporation v. Apple Computer, Inc., International Business Machines Corporation, and Motorola, Inc., C.A. No. 01-601-KAJ in the United States District Court for the District of Delaware

- In the Matter of Certain Digital Processors and Digital Processing Systems, Components Thereof, and Products Containing Same, Investigation No. 337-TA-529 in the United States International Trade Commission, Washington, D.C.

20. All documents and things produced by you to any party in connection with any of the following pieces of litigation:

- BIAX Corporation v. Intel Corporation and Analog Devices, Inc., Case number 2-05 CV-184 (TJW) in the Eastern District of Texas

- BIAX Corporation v. Apple Computer, Inc., International Business Machines Corporation, and Motorola, Inc., C.A. No. 01-601-KAJ in the United States District Court for the District of Delaware

- In the Matter of Certain Digital Processors and Digital Processing Systems, Components Thereof, and Products Containing Same, Investigation No. 337-TA-529 in the United States International Trade Commission, Washington, D.C.