**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BIAX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counterclaim-Defendant | ) | |
| | ) | Civil Action No. 02-05CV-184-TJW |
| v. | ) | |
| | ) | |
| INTEL CORPORATION | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| and | ) | |
| | ) | |
| ANALOG DEVICES, INC. | ) | |
| | ) | |
| Defendants, | ) | |
| Counterclaim-Plaintiffs. | ) | |

## BIAX CORPORATION'S REPLY TO COUNTERCLAIMS TO SECOND AMENDED COMPLAINT OF DEFENDANT INTEL CORPORATION

Plaintiff BIAX Corporation ("BIAX") responds to each of the numbered paragraphs of the counterclaims of Intel Corporation ("Intel"), as set forth in its First Amended Answer and Counterclaims to Second Amended Complaint ("Counterclaims"), as follows:

1.      Paragraph 1 of Intel's Counterclaims incorporates the preceding paragraphs of Intel's Answer, including paragraphs 1-48 and Intel's Affirmative Defenses.  Paragraphs 1-48, however, answer paragraphs 1-48 of BIAX's Second Amended Complaint and BIAX does not believe that responding to Intel's answers to BIAX's allegations or to Intel's Affirmative Defenses is either necessary or appropriate.  However, BIAX denies the substance of Intel's Affirmative Defenses.

2.      BIAX admits the allegations of paragraph 2 of Intel's Counterclaims.

3.      BIAX admits the allegations of paragraph 3 of Intel's Counterclaims.

## COUNT ONE

4.      BIAX's response to paragraphs 1-3 of Intel's Counterclaims are incorporated as though fully set forth herein.

5.      BIAX denies the allegations of paragraph 5 of Intel's Counterclaims.

## COUNT TWO

6.      BIAX's response to paragraphs 1-3 of Intel's Counterclaims are incorporated as though fully set forth herein.

7.      BIAX denies the allegations of paragraph 7 of Intel's Counterclaims.

## COUNT THREE

8.      BIAX's response to paragraphs 1-3 of Intel's Counterclaims are incorporated as though fully set forth herein.

9.      BIAX denies the allegations of paragraph 9 of Intel's Counterclaims.

10.      BIAX denies the allegations of paragraph 10 of Intel's Counterclaims.

11.      BIAX admits the allegations of paragraph 11 of Intel's Counterclaims.

12.      BIAX admits that on or about May 27, 1997, BIAX first submitted newly proposed claims 74-98 for examination in U.S. Patent Application Serial No. 08/480,691 ("the '691 application").   BIAX denies the remaining allegations of paragraph 12 of Intel's Counterclaims.

13.      BIAX admits that the patent examiner subjected proposed claims 74-98 of the '691 application to a restriction requirement and deemed them non-elected.  BIAX admits that the claims proposed in U.S. Patent Application Serial No. 08/914,077 were numbered 74-98 and were identical to the claims numbered 74-98 in the '691 application.  BIAX denies the remaining allegations of paragraph 13 of Intel's Counterclaims.

14.     BIAX admits that Patent Examiner William Treat rejected Claims 74-98 of patent application Serial No. 08/914,077 as unpatentable.  BIAX denies the remaining allegations of paragraph 14 of Intel's Counterclaims.

15.     BIAX admits that on or about September 17, 1999, BIAX succeeded in overturning the restriction requirement on the proposed claims 74-98 of the '691 application. BIAX denies the remaining allegations of paragraph 15 of Intel's Counterclaims.

16.     BIAX denies the allegations of paragraph 16 of Intel's Counterclaims.

17.     BIAX admits that during prosecution of the '691 application, BIAX was aware of the existence of IBM technical disclosure bulletins authored by T.K.M. Agerwala, entitled "New Condition Code and Branch Architecture for High Performance Processors," and "Improved Condition Code and Branch Handling for Model 91-Like Implementation of the IBM System/370 Architecture," dated June 1982.   BIAX denies the remaining allegations of paragraph 17 of Analog's Counterclaims.

18.     BIAX denies the allegations of paragraph 18 of Intel's Counterclaims.

19.     BIAX denies the allegations of paragraph 19 of Intel's Counterclaims.

20.     BIAX admits that on or about June 13, 1988, Gary A. Walpert submitted to the United States Patent & Trademark Office ("USPTO") a substitute specification for U.S. Patent Application No. 06/794,221 ("the '221 application).  BIAX also admits that Gary Walpert stated that the substitute specification was filed to correct obvious typographical errors, that "certain obvious errors, which are clear from a reading and understanding of the application as filed, have been corrected to avoid the necessity of a later reader having to perform the same ordinary corrective functions and to provide thereby a clearer and more accurate description of the

invention," and that "no new matter has been added."  BIAX denies the remaining allegations of paragraph 20 of Intel's Counterclaims.

21.    BIAX admits the allegations of paragraph 21 of Intel's Counterclaims.

22.    BIAX denies the allegations of paragraph 22 of Intel's Counterclaims.

23.    BIAX admits that U.S. Patent Application No. 07/372,247 ("the '247 application") was filed on June 26, 1989.  BIAX denies the remaining allegations of paragraph 23 of Intel's Counterclaims.

24.    BIAX denies the allegations of paragraph 24 of Intel's Counterclaims.

25.    BIAX denies the allegations of paragraph 25 of Intel's Counterclaims.

26.    BIAX denies the allegations of paragraph 26 of Intel's Counterclaims.

All allegations not specifically admitted are denied.

## PRAYER FOR RELIEF

WHEREFORE, BIAX prays for the following relief in addition to the relief sought in its Amended Complaint.

1. Dismissal of Intel's Counterclaims, with prejudice.

2. An award to BIAX of its costs and attorney fees incurred in defending against Intel's Counterclaims.

3. Such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BIAX requests a trial by jury of all issues so triable.

August 31, 2006                              Respectfully submitted,


_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
PO Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
ema@emafirm.com

OF COUNSEL:

Barry W. Graham
Washington DC Bar No. 291278
E. Robert Yoches
Washington DC Bar No. 342642
Edward J. Naidich
Washington DC Bar No. 481649
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C.  20001-4413
(202) 408-4000
barry.graham@finnegan.com
bob.yoches@finnegan.com
ed.naidich@finnegan.com


                                  *Attorneys for BIAX Corporation*

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 31st day of  August , 2006.

Eric M. Albritton