**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BIAX CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| Counterclaim-Defendant ) | |
| ) | Civil Action No. 02-05CV-184-TJW |
| v. ) | |
| ) | |
| INTEL CORPORATION ) | **JURY TRIAL DEMANDED** |
| ) | |
| and ) | |
| ) | |
| ANALOG DEVICES, INC. ) | |
| ) | |
| Defendants, ) | |
| Counterclaim-Plaintiffs. ) | |

**BIAX CORPORATION'S REPLY TO THIRD AMENDED COUNTERCLAIMS OF
DEFENDANT ANALOG DEVICES, INC.**

Plaintiff BIAX Corporation ("BIAX") responds to each of the numbered paragraphs of the counterclaims of Analog Devices, Inc. ("Analog"), as set forth in its First Amended Answer to Second Amended Complaint and Third Amended Counterclaims ("Counterclaims"), as follows:

**PARTIES**

1.  Upon information and belief, BIAX admits the allegations of paragraph 1 of Analog's Counterclaims.

2.  BIAX admits the allegations of paragraph 2 of Analog's Counterclaims.

**JURISDICTION AND VENUE**

3.  BIAX admits the allegations of paragraph 3 of Analog's Counterclaims.

4.  BIAX admits the allegations of paragraph 4 of Analog's Counterclaims.

5. BIAX admits the allegations of paragraph 5 of Analog's Counterclaims.

## FACTS

6. BIAX admits the allegations of paragraph 6 of Analog's Counterclaims.

7. BIAX admits the allegations of paragraph 7 of Analog's Counterclaims.

8. BIAX admits the allegations of paragraph 8 of Analog's Counterclaims.

## COUNT ONE

9. BIAX's response to paragraphs 1-8 of Analog's Counterclaims are incorporated as though fully set forth herein.

10. BIAX denies the allegations of paragraph 10 of Analog's Counterclaims.

11. BIAX denies the allegations of paragraph 11 of Analog's Counterclaims.

## COUNT TWO

12. BIAX's response to paragraphs 1-11 of Analog's Counterclaims are incorporated as though fully set forth herein.

13. BIAX denies the allegations of paragraph 13 of Analog's Counterclaims.

14. BIAX denies the allegations of paragraph 14 of Analog's Counterclaims.

## COUNT THREE

15. BIAX's response to paragraphs 1-14 of Analog's Counterclaims are incorporated as though fully set forth herein.

16. BIAX denies the allegations of paragraph 16 of Analog's Counterclaims.

17. BIAX denies the allegations of paragraph 17 of Analog's Counterclaims.

18. BIAX admits the allegations of paragraph 18 of Analog's Counterclaims.

19. BIAX admits that on or about May 27, 1997, BIAX first submitted newly proposed claims 74-98 for examination in U.S. Patent Application Serial No. 08/480,691 ("the

'691 application"). BIAX denies the remaining allegations of paragraph 19 of Analog's Counterclaims.

20. BIAX admits that the patent examiner subjected proposed claims 74-98 of the '691 application to a restriction requirement and deemed them non-elected. BIAX admits that the claims proposed in U.S. Patent Application Serial No. 08/914,077 ("the '077 application") were numbered 74-98 and were identical to the claims numbered 74-98 in the '691 application. BIAX denies the remaining allegations of paragraph 20 of Analog's Counterclaims.

21. BIAX admits that Patent Examiner William Treat rejected Claims 74-98 of the '077 application as unpatentable. BIAX denies the remaining allegations of paragraph 21 of Analog's Counterclaims.

22. BIAX admits that on or about September 17, 1999, BIAX succeeded in overturning the restriction requirement on the proposed claims 74-98 of the '691 application. BIAX denies the remaining allegations of paragraph 22 of Analog's Counterclaims.

23. BIAX denies the allegations of paragraph 23 of Analog's Counterclaims.

24. BIAX admits that during prosecution of the '691 application, BIAX was aware of the existence of IBM technical disclosure bulletins authored by T.K.M. Agerwala, entitled "New Condition Code and Branch Architecture for High Performance Processors," and "Improved Condition Code and Branch Handling for Model 91-Like Implementation of the IBM System/370 Architecture," dated June 1982. BIAX denies the remaining allegations of paragraph 24 of Analog's Counterclaims.

25. BIAX denies the allegations of paragraph 25 of Analog's Counterclaims.

26. BIAX denies the allegations of paragraph 26 of Analog's Counterclaims.

27. BIAX denies the allegations of paragraph 27 of Analog's Counterclaims.

28. BIAX denies the allegations of paragraph 28 of Analog's Counterclaims.

29. BIAX denies the allegations of paragraph 29 of Analog's Counterclaims.

30. BIAX denies the allegations of paragraph 30 of Analog's Counterclaims.

31. BIAX admits that on or about June 13, 1988, Gary A. Walpert submitted to the United States Patent & Trademark Office ("USPTO") a substitute specification for U.S. Patent Application No. 06/794,221 ("the '221 application). BIAX also admits that that Gary Walpert stated that the substitute specification was filed to correct obvious typographical errors, that "certain obvious errors, which are clear from a reading and understanding of the application as filed, have been corrected to avoid the necessity of a later reader having to perform the same ordinary corrective functions and to provide thereby a clearer and more accurate description of the invention," and that "no new matter has been added." BIAX denies the remaining allegations of paragraph 31 of Analog's Counterclaims.

32. BIAX admits the allegations of paragraph 32 of Analog's Counterclaims.

33. BIAX denies the allegations of paragraph 33 of Analog's Counterclaims.

34. BIAX admits that U.S. Patent Application No. 07/372,247 ("the '247 application") was filed on June 26, 1989. BIAX denies the remaining allegations of paragraph 34 of Analog's Counterclaims.

35. BIAX denies the allegations of paragraph 35 of Analog's Counterclaims.

36. BIAX denies the allegations of paragraph 36 of Analog's Counterclaims.

37. BIAX denies the allegations of paragraph 37 of Analog's Counterclaims.

All allegations not specifically admitted are denied.

## PRAYER FOR RELIEF

WHEREFORE, BIAX prays for the following relief in addition to the relief sought in its Second Amended Complaint.

5

1. Dismissal of Analog's Counterclaims, with prejudice.

2. An award to BIAX of its costs and attorney fees incurred in defending against Analog's Counterclaims.

3. Such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BIAX requests a trial by jury of all issues so triable.

September 13, 2006                                      Respectfully submitted,

                                                        _____
                                                        Eric M. Albritton
                                                        Attorney-in-Charge
                                                        Texas State Bar No. 00790215
                                                        Albritton Law Firm
                                                        PO Box 2649
                                                        Longview, Texas 75606
                                                        Telephone: (903) 757-8449
                                                        Facsimile: (903) 758-7397
                                                        ema@emafirm.com

OF COUNSEL:

Barry W. Graham
Washington DC Bar No. 291278
E. Robert Yoches
Washington DC Bar No. 342642
Edward J. Naidich
Washington DC Bar No. 481649
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000
barry.graham@finnegan.com
bob.yoches@finnegan.com
ed.naidich@finnegan.com

                                                        *Attorneys for BIAX Corporation*

     The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 13th day of September, 2006.

                                                        _____
                                                        Eric M. Albritton