IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BIAX CORPORATION, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05-CV-184 (TJW) |
| | ) | |
| INTEL CORPORATION and ANALOG DEVICES, INC. | ) ) ) | |

**DEFENDANTS' COMBINED REPLY TO BIAX'S OPPOSITION
TO THEIR SECOND MOTIONS TO COMPEL PRODUCTION OF
DOCUMENTS IMPROPERLY WITHHELD ON PRIVILEGE GROUNDS**

**I.   SUMMARY OF REPLY**

In opposition to Defendants' Second Motion to Compel, BIAX writes that it has provided to Defendants documents "mistakenly … placed" on its privilege log. (Opp. 3.) What BIAX neglected to inform the Court was the stunning size and scope of this disclosure. BIAX produced nearly about *one thousand* formerly-withheld documents – about 10,000 pages – which amounts to *over half* of its entire privilege log. These documents were improperly withheld from production for months during critical periods of discovery. They include documents that Defendants could have used at depositions that have already occurred, could have used in support of its First Motion to Compel, and could have used in support of this Second Motion. They include countless public documents, confirming, as does the rest of the production, that BIAX used privilege assertions in this and three collateral actions to keep innumerable non-privileged documents out of the hands of its litigation adversaries. They include documents marked "Attorney Work Product," communications to and from counsel regarding licensing, and communications to and from counsel regarding patent prosecution, confirming BIAX's inconsistent and irreconcilable positions on privilege – producing such materials apparently when doing so serves its purpose, and withholding such materials when it wants to shield them from discovery.

If Defendants had not filed their motions to compel, BIAX undoubtedly would have persisted in its refusal to make full discovery. But BIAX's belated production is not nearly the end of the matter. The Palys declaration, even in combination with BIAX's newly-revised privilege log, is deficient because it does not provide *any* evidence that distinguishes what BIAX produced from what it is withholding. The whole point of the Second Motion was to get BIAX to proffer its evidence as to the inconsistencies in the positions it took to avoid a wavier and the positions it takes to avoid producing documents. But BIAX merely ignores these differences and essentially asks the Court to do the same. BIAX's declaration does not show how its withheld documents are any different than the ones that BIAX concedes are not privileged. BIAX has failed to meet its burden of showing that the documents it is still withholding are protected from discovery by a privilege.

BIAX has improperly submitted approximately 370 documents to the Court for *in camera* review. In doing so, without invitation of the Court, BIAX is attempting to shift its burden to *the Court*. Such a procedure is particularly unjustifiable here for multiple reasons. It improperly burdens the Court and the Court's resources when it is obvious from BIAX's actions that it has been undisciplined and negligent in the withholding of documents. Also, the requested *in camera* review of 370 documents may effectively shield these documents from use in depositions before the discovery cut-off of February 13, 2007.

Finally, Defendants showed that BIAX has repeatedly withheld licensing-related documents as privileged, when in fact the documents were plainly not privileged. (Def. Br. 8-11.) BIAX did not dispute this point. Indeed, BIAX confirmed this point with its latest production, which appears to include hundreds of documents formerly characterized as "privileged" licensing documents. Also, Defendants showed that BIAX withheld dozens of RMC Consulting and Gluck documents under a "licensing" privilege even though those documents *could not* be privileged. (*Id.* 11-12.) BIAX did not dispute this point.

Defendants have been prejudiced by BIAX's pervasive withholding of evidence under untenable claims of privilege. Defendants have already deposed two of the inventors and have

taken the corporate deposition of BIAX on inventorship and licensing issues, all without the benefit of having at their disposal all relevant evidence. Among other things, the Court should order BIAX to re-tender these witnesses for deposition on topics to which the improperly withheld documents relate.

## II.   ARGUMENT

### A.   Defendants Have Been Prejudiced By The Late Production

BIAX has now produced a majority of the documents that Defendants targeted with the Second Motion – 969 documents, amounting to 9,794 pages. BIAX attempts to explain its new production in a footnote, arguing that "when certain documents were removed from BIAX's privilege log in previous litigations, some of the different versions were inadvertently not identified." (Opp. 3, n.1, emphasis added.) That cannot possibly be correct. In the production forced by this motion, BIAX did not simply produce "different versions" of previously produced documents. Rather, it appears to have produced documents never produced before in any form.[1] Also, it doesn't seem plausible that it "inadvertently" escaped BIAX's notice that it was withholding from discovery nearly a thousand unprivileged documents (over half its privilege log). That would be an unprecedented level of "inadvertence" for a party as accustomed to litigation as BIAX is. After all, this is the fourth legal proceeding filed by BIAX on the patents in suit. What BIAX attributes to inadvertence is, we submit, a gross indifference to its discovery obligation bordering on conscious and willful disregard.

BIAX's violation of its discovery obligations has caused Defendants significant prejudice. Defendants could have used many of these documents in support of its First and Second Motions to Compel, because they contain numerous documents addressing claim drafting, prior art analysis, research regarding on-the-market products for the purpose of drafting claims to cover them. Moreover, although Defendants have had limited opportunity to review

---

[1] Defendants received these documents days before filing this reply brief and have not had time to review them thoroughly. But should the Court request it, Defendants are prepared to file supplementary papers in support of their First or the Second Motion addressing them.

3

the almost 1,000 documents because Defendants only received them on December 5, 2006, it appears that a significant number of them are relevant to the Rule 30(b)(6) deposition of BIAX taken on September 26, 2006 and the depositions of inventors Christopher Brooks and Gordon Morrison taken October 19, 2006 and December 5, 2006, respectively.  Defendants should be granted the opportunity to re-depose those witnesses with the benefit of the documents BIAX improperly withheld.  Defendants' right to full discovery was further compromised by BIAX's unreasonable position that Intel and ADI jointly are limited to 7 hours of deposition time for each BIAX fact witness, notwithstanding that there are entirely separate claims asserted against ADI.  BIAX should be ordered to produce each witness for another day of deposition after BIAX has produced all relevant documents.

> **B.    BIAX Has Not Carried Its Burden Of Showing That The Withheld Documents Are Privileged.**

BIAX has not carried its burden of showing both the applicability of privilege and that there has been no waiver.  *Varo, Inc. v. Litton Systems, Inc.*, 129 F.R.D. 139, 142 (N.D. Tex. 1989); *Ferko v. NASCAR*, 218 F.R.D. 125, 134 (E.D. Tex. 2003).[2]

> 1.    <u>BIAX has submitted a blanket affidavit, which cannot satisfy the burden of demonstrating privilege here</u>.

BIAX's effort to carry its burden amounts to little more than three sentences in the declaration of Joseph E. Palys, together with an attached privilege log.  Palys declares that, "[t]o the best of my personal knowledge" each of the targeted documents falls into one of three broad categories of privilege.  *See* Palys Decl. at ¶ 5 (listing 134 documents), ¶ 6 (listing 99

---

[2] BIAX argues, incorrectly, that Federal Circuit privilege law applies to all patent prosecution-related matters, citing *In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1391 (Fed. Cir. 1996) (cited Opp. 4).  But this motion does not involve a privilege issue that raises a "substantive issue of patent law." *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001) (applying Fifth Circuit waiver law); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1346 (Fed. Cir. 2005) (expressly applying regional circuit law to privilege dispute regarding an invention disclosure statement).  At any rate, there appears to be no conflict between the law articulated in the Federal Circuit and the Fifth Circuit law for the purposes of this motion, nor does BIAX contend there is one.

documents) and ¶ 7 (listing 145 documents). This is not evidence, merely a recitation of the law and an assertion that it applies. As such, it is a model "blanket" assertion of privilege insufficient to carry the burden of a party claiming privilege. *Cf. United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982) ("the attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents. The privilege must be specifically asserted with respect to particular documents."). It is black-letter law that a party must show why each particular document is privileged.[3]

The information in the new privilege log gets BIAX no further. The Palys declaration and new privilege log are inaccurate or do nothing to distinguish the withheld documents from the documents BIAX has characterized as not privileged.

*Inconsistencies*. The Palys Declaration is inconsistent with the positions that BIAX took in opposition to the First Motion. The following are some of the more glaring examples.

- BIAX is withholding as privileged the 145 documents listed in Paragraph 7 of the Palys Declaration because they are "documents generated by agents/consultants working under the direction of an attorney to provide legal advice requested by BIAX." But that accurately describes many documents that BIAX has already produced after characterizing them as non-privileged. BIAX consultant Gary Boone created *all* his documents under the direction of an attorney to assist in the prosecution of BIAX's patents. (Def. Br. 7.) BIAX is simultaneously saying such documents are not privileged (to avoid a waiver) and such documents are privileged

---

[3] *See In re Santa Fe Intl. Corp.*, 272 F.3d 705, 709, 713 (5th Cir. 2001) (finding that an attorney affidavit asserting, "I have personal knowledge of attorney client privileged communications between [client] and myself, including a legal memorandum I drafted in May 1991 . . ." was not sufficient to support a "blanket request for protection of documents and communications not expressly claimed and shown to be privileged."); *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 n.16 (5th Cir. 1999); *see also In Re Grand Jury Subpoena*, 831 F.2d 225, 226 (11th Cir. 1987) (finding that an attorney's statement "assert[ing] the attorney/client privilege with reference to this transaction" was insufficient, and that a document-by-document assertion must be made); *Matter of Klein*, 776 F.2d 628, 634 (7th Cir. 1985); 24 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5507, at 567-568; 3 WEINSTEIN'S FEDERAL EVIDENCE, § 503.20[4][b]; 6 MOORE'S FEDERAL PRACTICE, § 26.47[1].

(to avoid production). The same contradiction applies to documents created by prosecution counsel Walpert's assistant Boundy and BIAX outside consultant Gluck.

- BIAX has produced documents drafted by attorneys and legal consultants addressing every aspect of claim drafting, prior art analysis, research regarding on-the-market products for the purpose of drafting claims to cover them. (Def. Br. at 4-8.) For example, BIAX produced as non-privileged a Fish & Richardson memorandum with extensive details on prosecution strategy. (Def. Br. 4-5 and Ex. 4.) But BIAX is withholding documents of the same type. If the Fish & Richardson memorandum with extensive details on prosecution strategy is not privileged, BIAX cannot justify withholding other documents written by the same author (or other authors on the same topic). BIAX proffers no evidence to demonstrate why what it has produced is any different from what it is withholding on these topics.[4]

- BIAX categorically characterized all documents not "circulated to the client" as non-privileged. (Def. Br. 4-5.) But BIAX provides the Court with *no* evidence – or even responsive argument – to explain why it is still withholding other documents created by attorneys but not circulated to the client.

- Defendants' opening papers catalogue other problems. For example, BIAX calls a 14-page "Preliminary Infringement Opinion" non-privileged. (Def. Br., Ex. 10.) BIAX argues that this "has nothing to do with analyses of prior art," which a glance at the documents shows to be obviously wrong. (Opp. 7.) BIAX's other denials about the contents of its disclosures are similarly implausible.

*Inaccuracies*. The Palys declaration is plainly incorrect in several respects. Paragraph 3 purportedly identifies "communications between BIAX and its attorneys". But Document No. 2321 was drafted by outside counsel and not circulated to BIAX. Other documents on this list

---

[4] At best, BIAX merely argues that the inferences that Defendants draw are incorrect without submitting evidence in support. *See* Opp. 6 ("Defendants incorrectly argue that BIAX adopted a position that 'all claim drafting documents [are] non-privileged.'"); Opp. 6 ("Defendants misrepresents [*sic*] another of BIAX's positions, averring that, 'BIAX refers to documents analyzing the prior art as non-privileged.'"); Opp. 7 (addressing on-the-market products).

are communications between outside consultant Gluck and outside counsel – with some being merely cc'd to a BIAX employee (Nos. 166, 168, 199, 338, 372, 373, 1120, 1145, 1385, 1390, 2203, 2216) and some not even that (Nos. 1001, 1289, 2399).

BIAX's constantly changing positions in the assertion of privileges are indefensible. With respect to the documents still in dispute, either there has been a waiver of the attorney-client and work product privileges, as Defendants established in their First Motion; or the privileges are being improperly invoked with respect to the 370 documents BIAX has submitted for *in camera* review. BIAX has failed to establish the absence of a waiver. It also has failed to establish that the 370 documents it continues to withhold are protected by a privilege. It cannot use its inconsistencies to pick and choose those documents that it will shield from scrutiny by Defendants.

        2.    <u>BIAX skirts the issue by attempting to shift its burden to the Court with *in camera* review</u>.

BIAX does not (and cannot) dispute that it has the burden to establish that the attorney-client privilege and lack of waiver. BIAX instead wants to shift the burden of distinguishing its "non-privileged" documents from its purportedly "privileged" documents to the Court, by arguing that the Court should review all 370 targeted documents *in camera*.

This is inappropriate. "[T]he party seeking *in camera* review must make some threshold showing that such review is appropriate." *U.S. v. Zolin*, 491 U.S. 554, 571 (1989) ("we cannot ignore the burdens *in camera* review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties"); *In Re Santa Fe Intern. Corp*., 272 F.3d at 709 n.5 (holding *in camera* review unwarranted where the party asserting the privilege "did nothing to show that the communications" were entitled to the privilege). BIAX cannot make this threshold showing under the circumstances here, where

BIAX has improperly asserted the attorney-client privilege and has refused to provide 30(b)(6) testimony to address these issues.[5]

### C. BIAX Has Not Carried Its Burden Regarding The Licensing Documents.

BIAX has presented no specific evidence showing that any of the "licensing" documents are predominately legal in nature, and, as such, BIAX has not carried its burden. *Robinson v. Texas Auto Dealers Ass'n,* 214 F.R.D. 432, 436, 446 (E.D. Tex. 2003). Defendants showed that BIAX had a pattern of improperly withholding evidence under a "licensing" designation. (Def. Br. 8-11.) BIAX is silent in response, which is not surprising in light of the fact that its latest production appears to have included hundreds of the "licensing" documents that Defendants targeted in this motion. Further, BIAX submits a new log that eliminates reference to "licensing" in numerous entries, just when Defendants are moving to compel "licensing" documents (*e.g.*, Nos. 90, 92, 194, 1140, 1144, 1200, 1294, 1392, 1394, 1499, 1500, 1505, 1507, 1693, 1694, and 1882). Defendants also showed that BIAX withheld dozens of RMC Consulting and Gluck documents under a "licensing" privilege even though those documents *could not* be privileged. (*Id.* 11-12.) Again, BIAX is silent in response. Similarly, Defendants sought BIAX's evidence that the withheld "licensing" documents are any different from the ones BIAX produced (*id.* at 11-12), but again BIAX declined to respond.

## III. CONCLUSION

For the foregoing reasons, Intel and ADI respectfully request that the Court grant their Second Motion to Compel and provide the relief requested to remedy the prejudice from BIAX's belated production.

---

[5] Alternately, BIAX appears to want to shift its burden to Defendants, by repeatedly making arguments such as "Defendants provide no basis for challenging the assertion of privilege over the documents still withheld as privileged." (Opp. 6; *see id.* at 7, 8, 9.) To the contrary, BIAX's belated production of documents is basis enough. Having uncovered the fact that BIAX improperly withheld hundreds of documents from discovery is more than ample proof that Defendants' challenge is justified and necessary.

Dated:  December 8, 2006

| **ATTORNEYS FOR ANALOG DEVICES, INC.:** | **ATTORNEYS FOR INTEL CORPORATION:** |
|---|---|
| /s/ David J. Beck | /s/ Eric H. Findlay |
| David J. Beck | Eric Findlay |
| Robert David Daniel | Ramey & Flock PC |
| Beck Redden & Secrest | 100 E. Ferguson, Suite 500 |
| 1221 McKinney St., Suites 4500 | Tyler, TX 75702-0629 |
| One Houston Center | Tel. (903) 510-5213 |
| Houston, TX  77010-2020 | Fax (903) 597-2413 |
| Tel. (713) 951-3700 | E-mail: efindlay@rameyflock.com |
| | |
| | Harry Lee Gillam, Jr., *(Lead Attorney)* |
| | Gillam & Smith LLP |
| | 110 S. Bolivar, Suite 204 |
| | Marshall, TX 75670 |
| | Tel. (903) 934-8450 |
| | |
| | OF COUNSEL: |
| | |
| | Chris R. Ottenweller |
| | G. Hopkins Guy III |
| | Ulysses S.T. Hui |
| | Brian VanderZanden |
| | ORRICK, HERRINGTON & SUTCLIFFE, LLP |
| | 1000 Marsh Road |
| | Menlo Park, CA 94025-1015 |
| | Tel. (650) 614-7400 |
| | Fax (650) 614-7401 |
| | E-mail: cottenweller@orrick.com |
| | |
| | Lisa C. Ward |
| | ORRICK, HERRINGTON & SUTCLIFFE, LLP |
| | 4 Park Plaza |
| | Irvine, CA 92614-2558 |
| | Tel. (949) 567-6700 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2006, a true and correct copy of the foregoing instrument was served upon all parties via electronic mail.

                                                 /s/ Eric H. Findlay_____
                                                 ERIC H. FINDLAY