IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BIAX CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2:05CV-184 TJW |
| INTEL CORPORATION, AND ANALOG | ) |
| DEVICES, INC. | ) Judge: Hon. T. John Ward |
| | ) |
| Defendants. | ) |
| | ) |

**INTEL'S RESPONSE IN OPPOSITION TO BIAX'S MOTION TO COMPEL**

NOW COMES, Intel Corporation ("Intel") in response to BIAX Corporation's ("BIAX") Motion to Compel and hereby states the following.

**I. INTRODUCTION**

*First*, BIAX moves to compel Intel to provide a witness on Topics 13-15 of BIAX's first 30(b)(6) notice. But Intel already offered to provide the Topic 13-15 testimony *before* BIAX moved to compel that testimony. That witness is scheduled to be deposed. A motion on this point was unnecessary.

*Second*, BIAX moves to compel Intel to provide a witness to testify as to whether Intel believed any of the documents on a list of 221 documents to be hearsay. Intel never objected to addressing hearsay issues with BIAX, as parties must inevitably do in every case that goes to trial. Rather, Intel objected to BIAX's method of discovery. That is, first, BIAX served written request for 562 admission, which was 542 requests over BIAX's limit. (Ex. A.) When Intel objected, BIAX subsequently served a 30(b)(6) notice into which BIAX simply cut-and-pasted those 542 requests (BIAX Br., Ex. 16), which was an abuse of the 30(b)(6) process and obvious

1

attempt to circumvent the Court's limits. Intel objected again. Notwithstanding, the parties are working on a stipulated procedure to address this issue, which hopefully the parties will enter into by the time the briefing on the instant motion is complete.

*Third*, BIAX moves to compel two categories of documents on Intel's privilege log – the "template" documents and the certain documents from the Intel Legal Department intranet. BIAX's motion mischaracterizes the contents of those documents. These are documents drafted by lawyers for lawyers as part of the process of providing legal services to Intel. These documents do not contain "guidance for its negotiators on financial licensing terms," as BIAX incorrectly speculates. The declaration of Dana Hayter, the Director of Licensing for Intel, attached hereto as Exhibit B, confirms these points.

## II. ANALYSIS

### A.     Testimony on Topics 13-15

BIAX moved to compel testimony on Topics 13-15 of BIAX's first 30(b)(6) notice. (BIAX Br., Ex. 16.) These topics seek a witness on Intel's laches and estoppel defenses. BIAX argues that "Intel refuses to produce a Rule 30(b)(6) witness to testify about the[se] facts." (BIAX Br. at 9) This is incorrect. On January 9, 2007, prior to the date BIAX filed the instant motion, Intel counsel wrote to BIAX counsel that Intel would provide that witness, writing "[*w*]*e will provide a witness on these topics*." (Ex. C at 2, emphasis added.) Intel has already provided a date for that testimony. (Ex. D.)

The parties' only remaining dispute was a matter of timing. Intel sought to supplement its estoppel and laches interrogatories first and then provide the witness afterwards. BIAX, on the other hand, requested that Intel provide its witness one or two weeks quicker and that Intel make any interrogatory supplement later. BIAX's position, however, was problematic. Had Intel

2

proffered a "laches and estoppel" witness before it had finally formulated its "laches and estoppel" contentions, which in large part relies on evidence Intel is still taking from BIAX, inevitably BIAX would have sought to re-depose that witness had Intel later supplemented its contentions subsequent to the deposition.

At any rate, the issue is moot. The witness is scheduled to be deposed.

**B.   Testimony Regarding Whether Any Of The 221 Documents Identified By BIAX Are Hearsay**

On December 22, 2006, BIAX served written discovery requesting Intel to "admit" or "deny" *562* separate requests regarding 221 documents. (Ex. A.)[1] Intel objected, because BIAX's limit of requests for admission to Intel was 20. In response, BIAX cut-and-pasted its 562 requests into a 30(b)(6) notice, *verbatim*. (BIAX Br., Ex. 16.) Intel objected to this abuse of the 30(b)(6) notice provision, as an unequivocal attempt to make an end run around the limits on requests for admission.[2] Accordingly, the Court should deny BIAX's motion because it is premised on this abusive 30(b)(6) discovery request.

However, notwithstanding, the parties are working out a stipulation to address this issue.[3] Indeed, Intel has already offered a stipulation that would provide BIAX all the relief it originally

---

[1] BIAX's requests for admission were not numbered so that each request had its own number. Each request had multiple subparts, with each subpart to be answered with respect to multiple documents. When one multiplies out the subparts times the number of documents to which each subpart applies, it turns out to be 562 separate request, regardless of how BIAX numbered it.

[2] The Court cautioned against the abuse of the 30(b)(6) process in this fashion during the December 20, 2005 Scheduling Conference hearing, allowing "30(b)(6) witnesses, as long as it is a reasonable number of issues. I don't usually have any problem with that with lawyers that have been in this Court very much." (See Exhibit E, at 11.)

[3] BIAX argues that Intel "refus[ed] to stipulate on the issue." (BIAX Br. at 9.) This is incorrect. Prior to the instant motion, at Intel's suggestion, the parties entered into a stipulation on admissibility and document dates. (Ex. F.) With respect to hearsay issues (the subject of BIAX's motion to compel), the current state of the parties' stipulation negotiation can be found at Ex. G.

sought with its 562 requests for admission. (Ex. G at 4.) Hopefully this issue will be moot, and the parties will have executed a mutually-agreeable stipulation, by the time the instant motion is fully briefed.

### C. Privileged Documents

Finally, BIAX moves to compel two categories of privileged documents: (i) certain documents from the Intel Legal Team website; and (ii) "template documents".

####    1.   *The Intel Legal Team documents are privileged.*

Twelve documents on Intel's log are from the Intel Legal Team website. (Ex. B, Hayter Decl. at ¶ 6.)

Five of these documents are written by Brad Greenwald (an Intel in-house lawyer) or someone working under his direction; are directed to lawyers performing or overseeing patent analysis; and describe various approaches to analyzing how a particular Intel patent relates to a product. (*Id.* at ¶ 7.) This is a legal direction from one counsel to another counsel on how to perform a legal analysis.

Next, one of these documents addresses the procedural aspects of managing the legal relationship with a consultant, which is meant to guide lawyers from Intel's Patents and Licensing Group in their retention of consultants. (*Id.* ¶ 8.) This document does not bear in any way on the financial terms for a given deal. (*Id.*)

Finally, the remaining documents are pages from the intranet of the Corporate Licensing Group, which reflect lawyers' judgment as to the appropriate level of patent analysis at each phase of a licensing project. (*Id.* ¶ 9.) These documents also reflect lawyers' judgment about the appropriate level of information required to advise Intel management about a particular licensing transaction at any given stage of the transaction. (*Id.*) These documents reflect legal analysis

directed to lawyers to address *legal* risk, not business risk. These documents do not even mention "royalties," do not lay out the what any given patent would be worth to Intel, and do not address what any given royalty "should" be. (*Id.* ¶ 9.)

      2.    *The "template" documents are privileged.*

Six documents on Intel's log are "templates". (Hayter Decl. ¶ 3.) These templates are instances or variations of reference documents that were drafted at least by multiple Intel lawyers, including Ira Blumberg, Scott Gilfillin and Dana Hayter. (*Id.*) These templates give the Intel lawyers drafting contracts for Intel a starting point for drafting and legal advice concerning those starting points. (*Id.*) Indeed, many of these templates contain alternate options and instructions written by attorneys, embedded throughout, with legal advice concerning those alternate options. (*Id.* ¶ 5.) Finally, these documents are kept on a legal-department-only intranet at Intel, and are treated as attorney-client privileged documents within Intel. (*Id.* ¶ 4.)

The templates do not proscribe the financial terms for a given deal, contrary to what BIAX argues. (*Id.*) They may provide guidance on *how* to draft a contract once the terms of the deal are determined. (*Id.*) But there are no "suggested" or "standard" royalties set forth in these documents. (*Id.*) The place for the financial numbers in the templates is left blank. (*Id.*)

      3.    *BIAX's arguments fail.*

BIAX is incorrect that the above documents disclose "Intel's starting position and financial ranges in [a business] negotiation," which is BIAX's argument as to why they are not privileged. (BIAX Br. at 3.) Rather, it is readily apparent that these documents are privileged. *See*, *e.g.*, *Boca Investerings Partnership v. U.S.,* 31 F. Supp. 2d 9, 11 (D.D.C. 1998) ("Communications made by and to in-house lawyers in connection with representatives of the corporation seeking and obtaining legal advice may be protected by the attorney-client privilege

5

just as much as communications with outside counsel.").

*The "Legal Department" as author*.  BIAX appears to object that the author of some of the above documents is listed as the Intel Legal Department.  Intel used this description to describe documents collaboratively created by the Legal Department, or for those documents that are certainly drafted by lawyers in the Legal Department but it is not clear which one.  The attached Declaration establishes these facts, even if sometimes Intel could not specify the author or authors with exact specificity.

*The descriptions on BIAX's log*.  BIAX argues that Intel provided inadequate descriptions on its privilege log and consequently, even if they are privileged, the Court should order their production. (BIAX Br. 7-8.)  This is drastic, unwarranted, and not supported by the case law.

Intel attaches its Fourth Supplemental Log as Exhibit I.  There is a last column entitled "FURTHER REQUESTED DESCRIPTION."  Intel added that column expressly to address any concerns BIAX had regarding the sufficiency of the original description, in the "DESCRIPTION" column.  When BIAX requested more detail, Intel readily provided it.

With respect to the particular documents at issue in the instant motion, BIAX first mentioned them on December 22, 2006, writing that "[w]e are in the process of preparing a more detailed letter about Intel's privilege log in general." (Ex. J, email chain between Chachkes and Karl, dated 1/2/07 and 12/22/06.)  Intel responded that it would "await your 'more detailed letter about Intel's privilege log' before supplementing again." (*Id.*)  Intel waited, but BIAX never sent that letter.  Rather than providing that letter, or even meeting-and-conferring specifically regarding the level of detail in Intel's privilege log, BIAX filed the instant motion compel.

Intel's privilege log contains sufficient detail and, indeed, far more detail than is found in BIAX's log. (*Cf.* Ex. H, BIAX's Privilege Log.)  But even if it were otherwise, the circumstances

6

here cannot warrant the drastic penalty that BIAX now seeks.

Finally, BIAX cites in support of its position *Estate of Manship*, 236 F.R.D. 291, 296 n.4 (M.D. La. 2006), *vacated on reconsideration* 237 F.R.D. 141 (2006). There, the Magistrate Judge found that "the plaintiffs [in their opposition to the motion to compel] have failed to set forth any additional explanation as to why the asserted privileges are applicable". Here, by contrast, Intel provides ample detail in both its privilege log and in the attached declaration.

### III. CONCLUSION

WHEREFORE, Intel respectfully requests that this Honorable Court deny BIAX's Motion to Compel.

Dated:  February 5, 2006

Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay
Ramey & Flock PC
100 E. Ferguson, Suite 500
Tyler, TX 75702-0629
Tel. (903) 510-5213
Fax (903) 597-2413
E-mail: efindlay@rameyflock.com

Harry Lee Gillam, Jr., *(Lead Attorney)*
Gillam & Smith LLP
110 S. Bolivar, Suite 204
Marshall, TX 75670
Tel. (903) 934-8450

OF COUNSEL:

Chris R. Ottenweller
G. Hopkins Guy III
Ulysses S.T. Hui
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel. (650) 614-7400

Fax (650) 614-7401
E-mail: cottenweller@orrick.com

Alex V. Chachkes
ORRICK, HERRINGTON & SUTCLIFFE, LLP
666 Fifth Avenue
New York, NY 10103-0001
Tel. (212) 506-5000
Fac (212) 506-5151
E-mail: Achachkes@orrick.com

Lisa C. Ward
ORRICK, HERRINGTON & SUTCLIFFE, LLP
4 Park Plaza
Irvine, CA 92614-2558
Tel. (949) 567-6700

ATTORNEYS FOR INTEL CORORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of February, 2007, a true and correct copy of the foregoing instrument was served upon all parties via electronic mail.

  /s/ Eric H. Findlay_____
  ERIC H. FINDLAY