# EXHIBIT F

## Chachkes, Alex

| | |
|---|---|
| From: | Karl, Darrel [Darrel.Karl@finnegan.com] |
| Sent: | Tuesday, January 16, 2007 4:14 PM |
| To: | Chachkes, Alex |
| Cc: | Yoches, Bob; Graham, Barry; Price, Griff; Frankel, Kenneth; Naidich, Ed; ema@emafirm.com; ajm@emafirm.com; BDDaniel@brsfirm.com; Ottenweller, Chris; Gil@GillamSmithlaw.com; ericf@rameyflock.com; Palys, Joseph; Hill, Kay; Joczek |
| Subject: | RE: BIAX v. INTEL and ADI: Requests For Admissions |

Alex:

Yes, we have an agreement as far as the stipulation goes, unless you or ADI have had a sudden change of heart.

Regards,

Darrel

-----Original Message-----
From: Chachkes, Alex [mailto:achachkes@orrick.com]
Sent: Tuesday, January 16, 2007 4:12 PM
To: Karl, Darrel
Cc: Yoches, Bob; Graham, Barry; Price, Griff; Frankel, Kenneth; Naidich, Ed; ema@emafirm.com; ajm@emafirm.com; BDDaniel@brsfirm.com; Ottenweller, Chris; Gil@GillamSmithlaw.com; ericf@rameyflock.com; Palys, Joseph; Hill, Kay; Joczek
Subject: RE: BIAX v. INTEL and ADI: Requests For Admissions

Just to clarify -- the letter said "willing to agree". Does that me we have an agreement?

-----Original Message-----
From: Karl, Darrel [mailto:Darrel.Karl@finnegan.com]
Sent: Tuesday, January 16, 2007 4:09 PM
To: Chachkes, Alex
Cc: Yoches, Bob; Graham, Barry; Price, Griff; Frankel, Kenneth; Naidich, Ed; ema@emafirm.com; ajm@emafirm.com; BDDaniel@brsfirm.com; Ottenweller, Chris; Gil@GillamSmithlaw.com; ericf@rameyflock.com; Palys, Joseph; Hill, Kay; Joczek
Subject: RE: BIAX v. INTEL and ADI: Requests For Admissions

Alex:

The stipulation was addressed in the final paragraph of Ken Frankel's January 12th letter to you. If you have any further questions, please give Ken or me a call.

Regards,

Darrel

-----Original Message-----
From: Chachkes, Alex [mailto:achachkes@orrick.com]
Sent: Tuesday, January 16, 2007 4:03 PM
To: Karl, Darrel
Cc: Yoches, Bob; Graham, Barry; Price, Griff; Frankel, Kenneth; Naidich, Ed; ema@emafirm.com; ajm@emafirm.com; BDDaniel@brsfirm.com; Ottenweller, Chris; Gil@GillamSmithlaw.com; ericf@rameyflock.com; Palys, Joseph; Hill, Kay; Oczek, Jeremy
Subject: RE: BIAX v. INTEL and ADI: Requests For Admissions

Darrel,

Can you confirm that we've all agreed to stipulate as proposed below?
Again:

1

"The parties each stipulate that each document that it has produced: (1) is authentic for the purposes of Federal Rule of Evidence 901; and (2) was created at or near the time indicated on it, should there be such an indication on the document, absent testimony to the contrary."

Thanks,

Alex


-----Original Message-----
From: Oczek, Jeremy [mailto:joczek@proskauer.com]
Sent: Tuesday, January 09, 2007 10:10 PM
To: Karl, Darrel; Chachkes, Alex
Cc: Yoches, Bob; Graham, Barry; Price, Griff; Frankel, Kenneth; Naidich, Ed; ema@emafirm.com; ajm@emafirm.com; BDDaniel@brsfirm.com; Ottenweller, Chris; Gil@GillamSmithlaw.com; ericf@rameyflock.com; Palys, Joseph; Hill, Kay
Subject: RE: BIAX v. INTEL and ADI: Requests For Admissions

Darrel,

We would be amenable to Alex's proposal set forth below, for the same reasons.

Regards,

Jeremy


-----Original Message-----
From: Chachkes, Alex [mailto:achachkes@orrick.com]
Sent: Tuesday, January 09, 2007 2:50 PM
To: Karl, Darrel; Oczek, Jeremy
Cc: Yoches, Bob; Graham, Barry; Price, Griff; Frankel, Kenneth; Naidich, Ed; ema@emafirm.com; ajm@emafirm.com; BDDaniel@brsfirm.com; Ottenweller, Chris; Gil@GillamSmithlaw.com; ericf@rameyflock.com; Palys, Joseph; Hill, Kay
Subject: RE: BIAX v. INTEL and ADI: Requests For Admissions

Darrel,

Intel is willing to enter into a stipulation regarding authentication and dates.  We were thinking something straightforward and that does not address admissibility beyond authenticity, such as:

"The parties each stipulate that each document that it has produced: (1) is authentic for the purposes of Federal Rule of Evidence 901; and (2) was created at or near the time indicated on it, should there be such an indication on the document, absent testimony to the contrary."

I add the "absent testimony to the contrary" because Morrison testified that some documents had the wrong dates on them.

I think this would obviate the need to serve RFAs on the topics on which the Court has allowed limitless RFAs.  Related, BIAX's current set of RFAs goes beyond "authenticity" and dates -- for example, they address "authority" to enter into agreements.  To the extent those RFAs go beyond "authenticity" and dates, Intel will only respond to the first 20 subparts (BIAX's limit of Intel-only RFAs).  Hopefully this proposed stipulation will take care of your concerns, though.

Thanks,

Alex

-----Original Message-----
From: Karl, Darrel [mailto:Darrel.Karl@finnegan.com]
Sent: Sunday, January 07, 2007 2:46 PM
To: Joczek; Chachkes, Alex

2

Cc: Yoches, Bob; Graham, Barry; Price, Griff; Frankel, Kenneth; Naidich, Ed; ema@emafirm.com; ajm@emafirm.com; BDDaniel@brsfirm.com; Ottenweller, Chris; Gil@GillamSmithlaw.com; ericf@rameyflock.com; Palys, Joseph; Hill, Kay
Subject: BIAX v. INTEL and ADI: Requests For Admissions

Dear Alex and Jeremy:

    As you know, the deadline for filing requests for admission will soon be upon us-- Friday, January 12th by our calculation. Presumably Intel and ADI, like BIAX, are preparing requests for admission that deal with document authentication and hearsay issues. (In BIAX's case, additional sets of requests for admissions.) It seems to us that the parties' resources would be better spent on other substantive discovery matters at the moment rather than on preparing and responding to such requests for admissions. Accordingly, we wanted to propose that we attempt to reach some three-way agreement that would obviate the need for all or substantially all such types of requests for admission. Given the substantially greater number of documents produced in this litigation by Intel and ADI as compared to BIAX, it would particularly appear to be in Intel's and ADI's interest to be able to avoid preparing responses to voluminous requests for admissions pertaining to such document authentication and hearsay issues.

    What we propose is something along the lines of the following:

    1.    The parties each stipulate and agree, for each document produced by a particular party, that such documents are true, genuine, and correct copies of documents in that party's possession and that they are what they purport to be.

    2.    The parties each stipulate and agree, for each memorandum, report, record, or data compilation produced by a particular party that was created by that party, that such memoranda, reports, records, or data compilations are exempt from hearsay under the business record exception.

    3.    The parties each stipulate and agree, for each document produced from its files, that such documents were made at or near the time indicated on such documents. In the case of documents produced by a party from its website, the information in such documents was available on the party's website at least on the date shown in the header, footer, or other designated portion of the document or, if no such date appears, in the year shown on the copyright date on the document or at some time thereafter.

    4.    The parties each stipulate and agree, for each document produced from its files that was authored by a party's officer, employee, counsel, or agent, that the author was authorized by the party to create such a document and to make all statements contained therein, that such statements concerned matters within the scope of the author's agency or employment, and that the statements were made during the existence of that relationship.

    BIAX is not wedded to the exact wording above, and would welcome appropriate suggestions or modifications that Intel or ADI might have.
What we would like, however, is for the parties to decide this week if they are amenable to such a procedure and to reach a consensus on the language of the stipulation by no later than Tuesday, January 9th.
Given the volume of requests for admission at issue, BIAX will otherwise need the remainder of next week in order to complete its current drafts and get them on file by Friday, January 12th. Hopefully, however, the parties will be able to reach some sort of agreement in a timely fashion.

    Regards,

    Darrel


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law.
If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.