# EXHIBIT G

## Nicole Isom

**From:** Karl, Darrel [Darrel.Karl@finnegan.com]
**Sent:** Monday, February 05, 2007 11:11 AM
**To:** Chachkes, Alex; Joczek
**Cc:** Yoches, Bob; Graham, Barry; Naidich, Ed; Frankel, Kenneth; Burns, Robert
**Subject:** BIAX v. Intel and ADI: Hearsay Stipulation

Alex and Jeremy:

BIAX proposes the following:

Each party stipulates and agrees that, for each document produced from that party's files or appearing on its Internet/Intranet website that appears to have been authored by that party's officer, employee, counsel, or agent, the document satisfies Fed. R. Evid. 801(d)(2) and thus is not hearsay if offered in evidence by a party-opponent, under the following conditions:

(1) the party-opponent may at any time less than 21 days before trial notify that party of documents for which the party-opponent seeks to invoke this stipulation;

(2) within 10 days of receiving that notice, that party will identify each such document in that notice for which that party will not so stipulate and all grounds for not so stipulating, and the stipulation will apply absent such identification and statement of grounds;

(3) for each document in that notice for which that party will not so stipulate, the party-opponent may conduct discovery regarding the grounds for not so stipulating, regardless of the scheduled close of discovery.

If this is acceptable to all parties, please let me know.

Regards,

Darrel


**From:** Chachkes, Alex [mailto:achachkes@orrick.com]
**Sent:** Monday, February 05, 2007 10:11 AM
**To:** Karl, Darrel
**Cc:** Yoches, Bob; Graham, Barry; Naidich, Ed; Frankel, Kenneth; Burns, Robert; Gil@GillamSmithlaw.com; efindlay@rameyflock.com
**Subject:** RE: BIAX motion to compel

> Darrel -- could you get back to us on this today. We have to file our opposition to your motion to compel, and an agreement on a "hearsay" stipulation would take one of the issues off the table. Thanks.

> **From:** Chachkes, Alex
> **Sent:** Thursday, February 01, 2007 5:33 PM
> **To:** 'Karl, Darrel'
> **Cc:** Yoches, Bob; Graham, Barry; Naidich, Ed; Frankel, Kenneth; Burns, Robert; Gil@GillamSmithlaw.com; efindlay@rameyflock.com
> **Subject:** RE: BIAX motion to compel

Your redraft does not track the language of 801(d)(2) -- the conjunctive between the subparts of 801(d)(2) is an "or" not an "and". At any rate, can't we just say, whatever the other language of the stipulation, that what we're stipulating to is to the applicability of 801(d)(2) and leave all the language from the subparts out of it?

Also, I don't believe that we can agree to an unlimited stipulation. Unless we have a procedure by which the one side identifies documents and the other side can object, then we're just deferring arguments until trial, which is exactly what you're trying to avoid -- e.g., you will give us a document that you believe "appears" authored by Intel, we disagree that it so "appears", and then we're before the Court, but much later than you wanted. Can you put that kind of procedure back in? We can make the process as short as you want. This is exactly the relief that you were seeking in your RFAs/30(b)(6) with 500+ subparts, and that's what we're offing back to you in the form of a stipulation.

This also addresses your "discoverability" worry. If you agree, say, tomorrow to the stipulation that we're proposing (or something similar), we can have any objections to you within days, and, if you're unhappy with the objections you get the reasons why we're objecting.

---

**From:** Karl, Darrel [mailto:Darrel.Karl@finnegan.com]
**Sent:** Thursday, February 01, 2007 4:13 PM
**To:** Chachkes, Alex
**Cc:** Yoches, Bob; Graham, Barry; Naidich, Ed; Frankel, Kenneth; Burns, Robert; Gil@GillamSmithlaw.com; efindlay@rameyflock.com
**Subject:** RE: BIAX motion to compel

Alex:

As I understand Intel's proposed stipulation in your January 30th e-mail, it is limited to party A telling opposing party B why a limited number of documents that A produced are hearsay and do not fall within the non-hearsay category of FRE 801(d)(2). Intel's proposed stipulation does not meet the concerns raised by part II.C of our pending motion to compel for at least four reasons:

   1. Intel does not propose to stipulate that the documents for which A is silent meet the criteria of FRE 801(d)(2) and thus are not hearsay.

   2. The stipulation only covers documents that A produced, not A's statements that B found on the internet. We found many of Intel's statements on the internet.

   3. If A gives reasons why the documents are hearsay at some time in the future, B will not have an opportunity to discover evidence to refute those reasons and establish admissibility. We currently have a Rule 30(b)(6) deposition notice outstanding to question a prepared witness about any reasons that Intel claims the documents do not meet the requirements of 801(d)(2).

   4. It only covers a limited number of documents.

   Point 4 in my January 1, 2007 e-mail to you and Jeremy would meet our concerns if it were expanded as shown below in CAPS:

4. The parties each stipulate and agree, for each document produced from its files [OR APPEARING ON ITS INTERNET WEBSITE] that [APPEARS TO HAVE BEEN] [was] authored by a party's officer, employee, counsel, or agent, that the author was authorized by the party to create such a document and to make all statements contained therein, that such statements concerned matters within the scope of the author's agency or employment, and that the statements were made during the existence of that relationship [AND STATISFY FED. R. EVID. 802(D)(2)].

If you have further suggestions, please let me know.

Regards,

2/5/2007

Darrel

> **From:** Chachkes, Alex [mailto:achachkes@orrick.com]
> **Sent:** Tuesday, January 30, 2007 5:30 PM
> **To:** Karl, Darrel
> **Cc:** Frankel, Kenneth; Gil@GillamSmithlaw.com; efindlay@rameyflock.com
> **Subject:** BIAX motion to compel
>
> Darrel,
>
> In your recent motion to compel, BIAX argues that: "In order to avoid unnecessary objections at trial, BIAX has identified the proposed exhibits, by Bates numbers, and has requested Intel to stipulate that the documents are not hearsay under Rule 801(d)(2). Intel, however, refused." With the dispute phrased as such, let me propose the following resolution. What about a stipulation as follows:
>
>> **Without any prejudice to doing so again later, by [__] a party may identify up to [__] documents produced by another party, and that other party will state, within [__] days, whether it believes any of those documents as hearsay and not falling under Federal Rule of Evidence 801(d)(2) and, if so, why.**
>
> We would then ask the same Rule 801(d)(2) question of you with regard to some of BIAX's documents. We're open to your suggestions as to how to fill in the blanks or tweak the language.
>
> I think this would resolve the dispute in Section II(C) of your motion. Tell me what you think.
>
> Thanks,
>
> Alex

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

---

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

---

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE,

DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
===========================================================

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.