# EXHIBIT J

# Nicole Isom

**From:** Chachkes, Alex [achachkes@orrick.com]

**Sent:** Tuesday, January 02, 2007 11:04 AM

**To:** Karl, Darrel

**Cc:** Graham, Barry; Naidich, Ed; Yoches, Bob; ajm@emafirm.com; Eric M. Albritton; B.D. Daniel

**Subject:** RE: BIAX v. Intel and ADI: Deposition Scheduling, Document Production, and Intel's Privilege Log

Darrel,

You raise some privilege log issues in the below email. We will await your "more detailed letter about Intel's privilege log in general" before giving a detailed response and before any supplement to our privilege log, should that be warranted, rather than do this piecemeal. In the meantime, I can confirm that the documents on Intel's log to which you refer -- those that were generated by the Intel Legal Department -- were generated by lawyers, or as requested by and directed by lawyers, for the purpose of providing Intel legal counsel. We will not be producing these documents. Nor will we be supplementing our privilege log descriptions to "identify the patent numbers of the patents referenced in those reports," as you request, because the contents of those reports are privileged.

Thanks,

Alex

-----Original Message-----
From: Karl, Darrel [mailto:Darrel.Karl@finnegan.com]
Sent: Friday, December 22, 2006 3:12 PM
To: Chachkes, Alex
Cc: Graham, Barry; Naidich, Ed; Yoches, Bob; ajm@emafirm.com; Eric M. Albritton; B.D. Daniel
Subject: BIAX v. Intel and ADI: Deposition Scheduling, Document Production, and Intel's Privilege Log

Dear Alex:

In light of the fact the Silverman deposition is currently scheduled to take place on January 4th, when can BIAX expect documents requested in his subpoena to be produced? We are also awaiting the documents sought in BIAX's letter request to you dated December 13th as well as those sought in the subpoenas to Messrs. Simon, Savage, Yu, Draeger, Rattner, and Connor. We would appreciate receiving them by the end of this month in order that they can be processed and evaluated before the date that the first of those depositions commence.

Similarly, as Hong Nguyen's deposition is scheduled for January 5th, when can BIAX expect to receive documents requested relating to

Topics 10 and 11 of the Rule 30(b)(6) notice to be produced? To the extent that Intel is claiming privilege on any of those documents, please confirm that Intel will supplement its privilege document log in advance of his deposition.

We can confirm Mr. Yu's deposition in Menlo Park on January 16th and Mr. Draeger's deposition in Menlo Park on January 25th. We can also tentatively confirm Mr. Connor's deposition on January 26th, assuming that no logistical issues are raised by the location selected for his deposition and for the deposition of Mr. Rattner scheduled for the same day.

Given the spread between Mr. Simon's half-day deposition on January 9th, Mr. Savage's deposition on January 12th, and Mr. Yu's deposition on the 16th, as well as the fact that they are all scheduled for Orrick's office in Menlo Park, we would appreciate it if would be possible for the Simon and Savage depositions to be moved closer to the Yu deposition set for the 16th in order to permit a more efficient use of the parties' resources.

We are also in receipt of Intel's Second Supplemental Privilege Log that you sent today along with your representation that you have added eight new entries at the end of the previous log. We are in the process of preparing a more detailed letter about Intel's privilege log in general, but wanted to bring your immediate attention to certain deficiencies regarding the final eight documents on that supplemental privilege log. Intel's log merely designates the author of these documents as "Intel Legal Department" and provides no identification of any recipients (cc: or otherwise). It is incumbent upon Intel to attempt to determine the specific author/custodian of these documents as well as recipients. Indeed, there is no assurance that, merely because a copy of these documents were found in some legal department file, they were in fact even prepared by an attorney or anyone else in Intel's legal department.

Intel's descriptions of these documents are likewise too vague on their face to support a claim for attorney-client privilege.

Moreover, given that the descriptions fail to assert that the documents reflect legal advice requested by or provided to Intel, or that copies were ever even sent to any Intel officers or employees, there does not appear to be any legally cognizable basis for Intel to withhold these documents. Consequently, BIAX asks that these documents be immediately produced. Furthermore, given the fact that Intel admits that it had knowledge of at least two of BIAX's patents-in-suit long before the litigation began and that BIAX has accused Intel of willful infringement, the description of each of the new log entries needs to be expanded to identify the patent numbers for the patents referenced in those reports.

Best regards,

Darrel

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

2/5/2007