**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BIAX CORPORATION,<br><br>Plaintiff,<br>Counterclaim-Defendant,<br><br>v.<br><br>INTEL CORPORATION<br><br>and<br><br>ANALOG DEVICES, INC.,<br><br>Defendants,<br>Counterclaim-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 02-05CV-184-TJW |

**BIAX CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS FIRST MOTION TO COMPEL INTEL CORPORATION TO PRODUCE DISCOVERY**

BIAX Corporation ("BIAX") replies as follows to Intel Corporation's ("Intel") Response in Opposition to BIAX's Motion to Compel.

**A. Intel Finally Agreed to Provide a Witness on Topics 13-15**

After months of obstructing BIAX's ability to seek Rule 30(b)(6) testimony on Intel's laches and estoppel defenses, Intel has now agreed to provide such a witness. Unfortunately, and contrary to Intel's assertions, Intel did not comply with its discovery obligations absent this motion.

**B. The Court Should Require Intel to Provide Rule 30(b)(6) Testimony About Evidentiary Issues, Given Intel's Refusal To Stipulate on the Issue**

Intel does not dispute that it would not agree to a stipulation addressing hearsay issues before the current motion. (B. Br. at 9-10; Ex. 15.)[1] Only after BIAX's filing this motion on January 26, 2007, did Intel, on January 30, even offer to stipulate on hearsay issues. (Ex. G, Jan. 30, 2007 5:30 p.m. email.) Intel's proposal did not meet BIAX's concerns (*id.*, Feb. 1, 2007 4:13 p.m. email), but the parties are making progress (*id.*, Feb. 5, 2007 11:11 a.m. email). BIAX apologizes for bothering the Court with this matter, but the motion again was required to force Intel to discuss this issue seriously.

Intel criticizes BIAX for attempting during discovery to protect itself against possible subsequent hearsay objections in this contentious litigation. (I. Opp. at 3.) BIAX, however, legitimately is concerned that Intel will take a hard line and BIAX no longer will have time to obtain the needed discovery. BIAX tried to address this issue through requests for admissions, but Intel objected. (Ex. 16; Ex. A.) BIAX then noticed Rule 30(b)(6) testimony on the predicate facts to refute a hearsay objection, and told Intel that for each document for which it stipulates to the predicate facts, no deposition would be necessary. (Ex. 16.) But Intel refused to designate witnesses. Only after filing this motion did Intel consider stipulating to hearsay issues. Again, unfortunately, BIAX had to resort to a motion to compel.

Accordingly, the Court should order Intel to produce Rule 30(b)(6) witnesses on these evidentiary issues. If the parties subsequently reach an agreement on hearsay issues and Intel

---

[1] In this Memorandum, "Ex." followed by a number refers to BIAX's exhibits in support of the present motion; "Ex." followed by a letter refers to Intel's exhibits in support of its opposition to the present motion; "B. Br." refers to BIAX's memorandum in support of the present motion; and "I. Opp." refers to Intel's memorandum in opposition to the present motion.

stipulates that any of the documents in issue satisfy Fed. R. Evid. 801(d)(2), there no longer will be any need for the deposition on those documents.

**C. The Court Should Require Intel To Produce Discovery About Intel's Guidance for Its Licensing Personnel Regarding Financial Licensing Terms**

Intel does not dispute that its documents pertaining to royalties or other financial terms in licenses are relevant to damages in this case. (B. Br. at 3-4.) Nor does Intel dispute that the attorney-client privilege does not protect business advice, even by a lawyer, such as about financial terms in a license. (B. Br. at 6-7.)

Intel's argument that the licensing guidance documents in issue do not contain financial information rests solely on the Declaration of its Licensing Director, Mr. Hayter. (I. Opp. at 4-7; Ex. B.) The Court, however, should disregard that Declaration, because Intel blocked Mr. Hayter from testifying on that very issue at his deposition:

Q: Do the templates have any information about royalty rates or payments?"

[Intel's lawyer]: Objection. Attorney-client grounds. I'll counsel the witness not to answer.

A: I'll follow my counsel's advice.

(Ex. 2, Hayter Tr. at 38.)[2] In his Declaration, where Mr. Hayter can avoid cross examination, Mr. Hayter now asserts that "[t]hese templates do not proscribe the financial terms for a given deal," and that other guidance documents "do not even mention 'royalties'. . . ." (Ex.

[2] For another example, when Mr. Hayter responded that he could "describe the topics that this series of nested pages addressed" in the licensing guidance documents, BIAX asked him to "[p]lease identify the ones that you can identify." (Ex. 2, Hayter Tr. at 47-48.) Intel blocked his response: "I'm going to object on the attorney-client grounds and counsel the witness not to answer." (*Id.* at 48.) In direct contrast, Intel has Mr. Hayter describe these documents in his Declaration. (Ex. B. at 2.)

B, ¶¶ 3, 9.) The Court should not allow Intel to use privilege to avoid discovery of the basis for its privilege claim, and then ignore that privilege when it benefits Intel.

Moreover, Mr. Hayter's Declaration does not say that the templates lack any information about financial terms. All the Declaration says is the templates do not prohibit any specific financial terms.[3] (*Id.*, ¶ 3.) That does not mean that the templates contain only legal advice. Likewise, in describing "Corporate Licensing Group" documents, Mr. Hayter says that they "do not even mention 'royalties'" or say "what any given royalty 'should' be," putting those words in quotes. (*Id.*, ¶ 9.) Again, he does not say the templates contain only legal advice.

Intel wrongly argues that BIAX delayed challenging the licensing templates and guidance documents in issue. (I. Opp. at 6.) Intel, however, delayed putting those documents on its privilege log until January 17, 2007. (Ex. 5.) On January 23, BIAX met and conferred with Intel on this issue (B. Br. at 1, n.1), and, on January 26, BIAX promptly filed its motion to compel.

Intel further argues that its privilege log contains "sufficient detail" (I. Opp. at 6),[4] but Intel's log contains absolutely no information about recipients or legal advice for such documents (Ex. 6). In fact, it fails to provide most of the information necessary to enable

---

3 "Proscribe" means "1 : to publish the name of as condemned to death with the property of the condemned forfeited to the state; 2 : to condemn or forbid as harmful or unlawful : PROHIBIT." http://www.merriam-webster.com/cgi-bin/dictionary-tb?book=Dictionary&va=proscribe (last visited February 7, 2007).

4 Intel also asserts that its log contains "far more detail than BIAX's log." (I. Br. at 6.) A look at BIAX's log readily shows that it contains plenty of detail and points out the predicates for finding privilege or work product (Ex. H), in contrast to the complete absence of detail and support for all the elements of privilege or work product in Intel's log entries for the documents in issue (Ex. 6). *See Haensel v. Chrysler Corp.*, No. CIV.A. 96-1103, 1997 WL 537687, at *4 (E.D. La. Aug. 22, 1997) (stating requirements for privilege logs). BIAX inadvertently did not indicate that a case it cited for privilege log requirements had been vacated in part on another issue (attorney's fee award and costs). The correct citation at B. Br. at 8 should have been *Estate of*
(Footnote continued on next page.)

BIAX or the Court to assess the applicability of the privilege, which Fed. R. Civ. P. 26(b)(5) requires. Recognizing that failure, Intel tries to import details from the Hayter Declaration. (I. Opp. at 7.) As explained above, however, even doing so does not justify a claim of privilege over licensing guidance documents and templates that primarily indicate how Intel determines its license agreements.

Finally, Intel also wrongly argues that BIAX did not meet and confer with Intel regarding Intel's privilege claims for the documents in issue. (I. Opp. at 6.) Intel does not deny that the parties held that conference on January 23, 2007. (B. Br. at 1, n.1.)

Accordingly BIAX requests that the Court order Intel to produce documents providing guidance for its licensing personnel on financial terms in licenses.

## III. Conclusion

For the reasons set forth above and in BIAX's opening brief, the Court should grant BIAX's motion and order Intel to: (a) designate Rule 30(b)(6) witnesses to testify about facts relevant to the admissibility of various documents; and (b) produce documents providing guidance for its licensing personnel on financial terms in licenses.

---

(Footnote continued from previous page.)
*Manship*, 236 F.R.D. 291, 296 n.4 (quoted source omitted), *vacated in part on another issue*, 237 F.R.D. 141, 145 (E.D. La. 2006) (vacating award of attorney's fees and costs).

February 7, 2007

Respectfully submitted,

Barry W. Graham
Washington DC Bar No. 291278
E. Robert Yoches
Washington DC Bar No. 342642
Edward J. Naidich
Washington DC Bar No. 481649
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000
barry.graham@finnegan.com
bob.yoches@finnegan.com
ed.naidich@finnegan.com

Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
PO Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

*Attorneys for BIAX Corporation*

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 7th day of February, 2007.

Eric M. Albritton