IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BIAX CORPORATION,              ) | |
| ) | |
| Plaintiff,          ) | |
| ) | |
| v.                                           ) | |
| ) Civil Action No. 2:05CV-184 TJW | |
| INTEL CORPORATION, AND ANALOG   ) | |
| DEVICES, INC.                          ) Judge: Hon. T. John Ward | |
| ) | |
| Defendants.      ) | |
| ) | |

**INTEL'S SUR-REPLY IN OPPOSITION TO
BIAX'S FIRST MOTION TO COMPEL**

NOW COMES, Intel Corporation ("Intel") in sur-reply to BIAX Corporation's ("BIAX") First Motion to Compel and hereby states the following.

A. **Testimony on Topics 13-15**

BIAX concedes the "Topics 13-15" issue is moot. Nonetheless, BIAX unnecessarily accuses Intel of "months of obstructing" and "not compl[ing] with its discovery obligations absent this motion." (BIAX Reply at 1.) These allegations are baseless, as demonstrated by the fact that BIAX cites no evidence to support them. BIAX also fails to acknowledge that Intel offered a witness *before* BIAX's motion to compel. BIAX's motion on this issue was not warranted, which only emphasizes the disparity between BIAX's rhetoric and the reality of discovery in this action.

B. **The 30(b)(6) Notice**

The parties have executed a stipulation, so the "30(b)(6) notice" issue is now moot. But, again, to correct the record, BIAX is wrong to argue that Intel "would not agree to a stipulation addressing hearsay issues before the current motion". (BIAX Reply at 2.) Intel was always

amenable to a stipulation, but just not the one BIAX proposed shortly before it filed its motion to compel.  (*See* Intel Br. n.3.)  The parties have been negotiating a stipulation, and it was Intel who proposed the final stipulation, which now addresses all *admissibility* issues (not just hearsay).

### C. Privileged Documents

*The documents are privileged*.  BIAX argues that the Intel Legal Team documents are not privileged because Mr. Hayter "does not say the templates contain only legal advice".  (BIAX Reply at 4.)  Similarly, BIAX argues that "template" documents are not privileged because "Mr. Hayter's Declaration does not say that the templates lack any information about financial terms."  (BIAX Reply at 4.)  In so phrasing, BIAX misstates the applicable standard.  If "an attorney acts in both a legal and a business capacity, the resulting communications are only privileged *if the legal aspects predominates*."  *Robinson v. Texas Auto Dealers Ass'n*, 214 F.R.D. 432, 436 (E.D. Tex. 2003) (emphasis added).  Legal aspects predominate these documents, a conclusion that is not undermined by BIAX's *speculation* that something financial exists somewhere in them.

Further, this speculation is wrong.  With respect to the templates, Paragraph 3 of the Hayter Declaration states that the templates are not financial:

> These templates do not proscribe the financial terms for a given deal.  They may provide guidance on *how* to draft a contract once the terms of the deal are determined.  There are no "suggested" or "standard" royalties set forth in these documents.  The place for financial numbers in the templates is left blank.

BIAX focuses on a typographical error.  (BIAX Br. at 4.)  The word "proscribe" should be "prescribe," as is apparent from the context.  As is clear from the entire paragraph, the templates *do not* instruct as to what any appropriate deal terms are, but are just templates for lawyers.

With respect to the Intel Legal Team documents, Paragraphs 7-9 expressly establish that they: (1) are "*directed to lawyers performing or overseeing patent analysis* and describe various

approaches to analyzing how a particular Intel patent relates to a product" (¶ 7); (2) address "the legal relationship with a consultant … [and] *does not bear in any way on the financial terms for a given deal*" (¶ 8); or (3) address "the appropriate level of patent analysis at each phase of a licensing project" and "*do not even mention 'royalties' and do not lay out what any given patent would be worth to Intel or what any given royalty 'should' be*" (¶ 9). The Legal Team documents reflect lawyers giving legal counsel and not business advice. Again, legal aspects predominate, and BIAX reply consists only of unfounded speculation.

<u>The Intel privilege log</u>. BIAX argues that Intel's privileged documents should be ordered produced because Intel's privilege log purportedly is deficient. (BIAX Reply at 4-5.) Yet BIAX has never moved to have Intel supplement its log. Indeed, BIAX did not even pursue a request for additional detail prior to filing its motion. (Intel Br. 6.) BIAX ambiguously argues that "Intel does not deny that the parties held [a] conference on January 23, 2007." (BIAX Reply at 5.) True, but at that conference BIAX did not request further detail on Intel's log, nor does BIAX so contend. At any rate, the Intel log has sufficient detail, and that detail has been amply supplemented with the detail in the Hayter Declaration.

<u>Intel's privilege objection</u>. BIAX also argues that the Court should "disregard" the Hayter Declaration and order the production of the "templates" because Intel made a privilege objection at a deposition, citing no law in support of such an extreme position. (BIAX Reply at 3.) BIAX has never challenged that privilege instruction in a motion to the Court. Moreover, the instruction did not get in the way of the sorts of foundational questions that BIAX could ask to establish privilege. The Hayter Declaration expressly establishes, and BIAX does not dispute, that these documents: were drafted by lawyers; provide legal advice concerning how to draft contracts depending on the situation; contain options and instructions written by attorneys and

express legal advice concerning those options; and are treated as attorney-client privileged within Intel. (Hayter Decl. ¶ 3-5.) In short, BIAX does not question the fact that Intel has established that "legal aspects predominate". *See Robinson*, *supra*. Finally, BIAX claims no prejudice and, indeed, it received the additional detail it seeks in the Hayter Declaration.

### D. Conclusion

WHEREFORE, Intel respectfully requests that this Honorable Court deny BIAX's First Motion to Compel.

Dated: February 9, 2006

Respectfully submitted,

/s/ *Eric H. Findlay*
Eric H. Findlay
Ramey & Flock PC
100 E. Ferguson, Suite 500
Tyler, TX 75702-0629
Tel. (903) 510-5213
Fax (903) 597-2413
E-mail: efindlay@rameyflock.com

Harry Lee Gillam, Jr., *(Lead Attorney)*
Gillam & Smith LLP
110 S. Bolivar, Suite 204
Marshall, TX 75670
Tel. (903) 934-8450

OF COUNSEL:

Chris R. Ottenweller
G. Hopkins Guy III
Ulysses S.T. Hui
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel. (650) 614-7400
Fax (650) 614-7401
E-mail: cottenweller@orrick.com

Alex V. Chachkes

ORRICK, HERRINGTON & SUTCLIFFE, LLP
666 Fifth Avenue
New York, NY  10103-0001
Tel. (212) 506-5000
Fac (212) 506-5151
E-mail: achachkes@orrick.com

ATTORNEYS FOR INTEL CORORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 9th day of February, 2007, a true and correct copy of the foregoing instrument was served upon all parties via electronic mail.

  /s/ *Eric H. Findlay*_____
   ERIC H. FINDLAY