IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BIAX CORPORATION | § | |
| Vs. | § | CIVIL ACTION NO. 2:05-CV-184 |
| INTEL CORPORATION | § | |

## ORDER

The court denies Biax's expedited motion to compel directed toward Intel (#202).

The court finds that the first request, for a 30(b)(6) witness to testify on "Topics 13-15" is now moot as Intel has agreed to produce a witness.

The court also finds that the second request, to require Intel to produce a 30(b)(6) witness on admissibility issues, is also moot.  During the briefing on this motion, the parties entered a stipulation.

The court has also reviewed the documents produced *in camera* by Intel and is persuaded they are privileged.

One procedural issue bears mention–notwithstanding the parties' agreement.  The litigants agreed to unlimited requests for admission on the subject of document authentication issues.  The court's discovery order circumscribed the number of substantive requests for admissions to 20.  On December 22, 2006, Biax served multiple requests for admissions (Intel's count puts the number at 562 including subparts).  The RFAs targeted various documents but went well beyond issues of

authenticity. *See* Fed. R. Evid. 901, 902.[1] Intel objected and pointed to the court's discovery order limitations. In response to Intel's objection, Biax "cut and pasted" its requests for admissions into a 30(b)(6) notice to make an end-run around the court's discovery limitations. This conduct was improper.

Biax does not contend that the court's discovery order authorized its original requests for admission. Its defense of this conduct as well as its use of the 30(b)(6) process is that it was unhappy with the fact that Intel would not stipulate to certain admissibility issues. But Biax's frustration does not license it to violate this court's orders. If Biax is unsatisfied the terms of the court's order, then its remedy is to ask the court for relief. It may not attempt to do indirectly what the court's order prohibits it from doing directly. As a result, the court finds that Biax violated the court's discovery order and that its conduct was willful. In light of the parties' agreements, the court imposes no penalty; however, the court warns Biax that future conduct in violation of this court's order will result in sanctions.

SIGNED this 26th day of February, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[1]  As examples, RFA No. 1 listed 154 separate agreements involving Intel and other companies. The subparts to the RFA asked Intel to admit, for each agreement separately, that the person who signed the agreement was authorized by Intel to do so and that each agreement concerned a matter within the scope of that person's employment with Intel. With respect to other documents, RFA No. 2 listed 9 additional documents. The subparts asked Intel to admit, for each document separately, that the document was "a true and correct copy of a document that was shown (on paper, visually on a screen, or by any other means) *by one or more persons employed by Intel to one or more persons not employed by Intel in the course of meetings, negotiations, or other discussions between Intel and the other company, companies, or persons named on the first page of the document.*" (emphasis added).