**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BIAX CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counterclaim-Defendant,** ) | |
| ) | **Case No. 02:05-CV-184  (TJW)** |
| **v.** ) | |
| ) | |
| **INTEL CORPORATION** ) | |
| ) | |
| **and** ) | |
| ) | |
| **ANALOG DEVICES, INC.,** ) | |
| ) | |
| **Defendants,** ) | |
| **Counterclaim-Plaintiffs.** ) | |

**BIAX CORPORATION'S MOTION TO PRECLUDE INTEL WITNESSES IDENTIFIED
IN ITS SUPPLEMENTAL INITIAL DISCLOSURES AT THE END OF DISCOVERY,
AND TO PRECLUDE THE USE OF DOCUMENTS INTEL PRODUCED FROM THE
FILES OF THOSE WITNESSES**

Plaintiff BIAX Corporation ("BIAX") moves for an Order precluding Intel Corporation ("Intel") from calling as witnesses at trial, or otherwise relying upon for evidence, nine of the thirteen witnesses Intel identified in Supplemental Initial Disclosures at the end of scheduled fact discovery (six persons in the final five days).[1]  BIAX also asks the Court to preclude Intel from relying on any document produced after the February 13th close of discovery (approximately 31,000 pages).

---

[1]     BIAX attempted to resolve this matter through various telephone conferences between counsel for BIAX, Eric Albritton, and counsel for Intel, Eric Findlay, in late February and March 2007, but unfortunately was not able to succeed.

The Amended Discovery Order set the exchange of initial disclosures for January 19, 2006, and completion of document production on June 1, 2006. The Docket Control Order set the close of fact discovery for February 13, 2007. (Dkt. No. 41, 40 (Dec. 21, 2005).) Nevertheless, between January 23 and February 13, 2007, Intel served five Supplemental Initial Disclosures identifying the thirteen new witnesses. (Ex. 1, 2, 3, 4, 5.) Intel offered no legitimate reasons for the late filing. BIAX asked Intel which, if any, of the thirteen new witnesses Intel intended to call as trial witnesses (Ex. 6, Feb. 14, 2007, 3:10 p.m. email), to limit the time required to depose them, but Intel responded that it "may call each of these persons to trial" (Ex. 6, Feb. 15, 2007, 6:01 p.m. email). Intel has now named all thirteen as trial witnesses, along with thirty others.[2]

Given the numerous depositions already scheduled, BIAX could only take the depositions of four persons before the scheduled close of discovery on February 13. The remaining nine are: A. Tal; S. Wheat; G. Caldwell; S. Smith; D. Sewell; C. Barrett; W. Brooks; D. Bryant; and T. Pitts.

In addition, ten days after the scheduled close of fact discovery, Intel revealed that it had not searched the files of eight of these people, and suggested that doing so would entail such a massive undertaking that Intel should not have to proceed with a full search. (Ex. 8.) In addition, Intel has produced 30,970 pages of documents to BIAX after the close of discovery, including, on February 28, nearly 11,000 pages documents for a witness whose deposition is scheduled to take place the next day.

---

[2] (Ex. 7.) Intel has not distinguished between those it may call and those it will call.

Intel's behavior violates the local rules of this Court as well as the Federal Rules, and prejudices BIAX as it prepares for trial. The Amended Discovery Order required Intel to immediately supplement its initial disclosures of witnesses with relevant knowledge when it knew that its initial disclosures were not complete. (Dkt. No. 41, ¶¶ 1(d), (8).) Intel should bear the consequences of its own delay. Accordingly, BIAX asks the Court to preclude Intel from (1) calling as trial witnesses or otherwise relying upon for evidence any of the nine late-designated witnesses BIAX has not already deposed (A. Tal, S. Wheat, G. Caldwell, S. Smith, D. Sewell, C. Barrett, W. Brooks, D. Bryant, and T. Pitts); and (2) using any document produced after the originally scheduled close of fact discovery, February 13. The Court has the power to impose sanctions for violations of the Docket Control Order and Amended Discovery Order, including the exclusion of evidence. Fed. R. Civ. P. 16(f) provides that if a party fails to comply with a scheduling order, the Court may impose sanctions "as are just," including those provided under Fed. R. Civ. P. 37(b) (2) (B) (e.g., an order prohibiting a party from introducing designated matters into evidence).

March 1, 2007

Respectfully submitted,

_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
J. Scott Hacker
Texas State Bar No. 24027065
Albritton Law Firm
PO Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
jsh@emafirm.com

OF COUNSEL:
Barry W. Graham
Washington DC Bar No. 291278
E. Robert Yoches
Washington DC Bar No. 342642
Griffith B. Price
Washington DC Bar No. 429585
Edward J. Naidich
Washington DC Bar No. 481649
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C.  20001-4413
(202) 408-4000
barry.graham@finnegan.com
bob.yoches@finnegan.com
griff.price@finnegan.com
ed.naidich@finnegan.com

Danny Williams
Williams Morgan Amerson
10333 Richmond Avenue
Suite 1100
Houston, TX 77042
Telephone: (713) 934-7000
danny@wmalaw.com

Attorneys for BIAX Corporation

CERTIFICATE OF CONFERENCE

The undersigned discussed this motion with Eric Findley who opposes the relief requested herein.

_____
Eric M. Albritton

CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 1st day of March, 2007.

/s/ Eric M. Albritton
Eric M. Albritton