# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| BIAX CORPORATION, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 2-05CV-184-TJW |
| v. | ) | |
| | ) | |
| INTEL CORPORATION | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| and | ) | |
| | ) | |
| ANALOG DEVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, BIAX Corporation ("BIAX"), for its Third Amended Complaint ("Complaint")

against defendants, Intel Corporation ("Intel") and Analog Devices, Inc. ("ADI"), alleges the

following:

### THE PARTIES

1.      BIAX is a corporation organized and existing under and by virtue of the laws of

Colorado with its principal place of business at 2452 Briarwood Drive, Boulder, Colorado

80305.

2.      Upon information and belief, Intel is a business entity organized and existing

under the laws of the State of Delaware, is headquartered at 2200 Mission College Blvd., Santa

Clara, California 95052, and is actively doing business in this judicial district, in this state and

elsewhere.  Intel's registered agent for service of process is CT Corporation System, 350 N. St.

Paul Street, Dallas, Texas 75201.

3.      Intel manufactures processors and sells and offers to sell the same throughout the United States, including in the Eastern District of Texas.

4.      Upon information and belief, ADI is a business entity organized and existing under the laws of the State of Massachusetts, is headquartered at One Technology Way, Norwood, Massachusetts 02062, and is actively doing business in this judicial district, in this state and elsewhere.  ADI's registered agent for service of process is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

5.      ADI manufactures  processors and sells and offers to sell the same throughout the United States, including in the Eastern District of Texas.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the U.S. Code.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.      This Court has personal jurisdiction over Intel.

9.      This Court has personal jurisdiction over ADI.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 4,847,755

11.     The allegations of paragraphs 1-10 are incorporated for this Count One as though fully set forth herein.

12.     On July 11, 1989, U.S. Patent No. 4,847,755 ("the '755 Patent"), entitled "Parallel Processing Method And Apparatus For Increasing Processing Throughput By Parallel Processing Low Level Instructions Having Natural Concurrencies," was duly and legally issued by the United States Patent and Trademark Office to inventors Gordon Morrison, Christopher Brooks,

and Frederick Gluck and has been duly and legally assigned to BIAX.  A copy of the '755 Patent is attached to the Complaint as Exhibit 1.

13.     Upon information and belief, Intel has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '755 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States processors, including the Intel Itanium processor, Itanium 2 processor, and Intel processors supporting Hyper-Threading Technology, such as the Intel Xeon supporting Hyper-Threading Technology, Pentium 4 supporting Hyper-Threading Technology, Pentium Extreme Edition supporting Hyper-Threading Technology, and Mobile Pentium 4 processors supporting Hyper-Threading Technology, that are covered by one or more claims of the '755 Patent, all to the injury of BIAX.

14.     Upon information and belief, Intel's infringement of the '755 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless Intel's infringing acts are enjoined by this Court.

15.     Upon information and belief, Intel's acts of patent infringement of the '755 patent were and continue to be willful and deliberate.

16.     As a result of Intel's infringement of the '755 Patent, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

17.     Upon information and belief, ADI has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '755 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States

processors, including the ADI TigerSHARC processor, that are covered by one or more claims of the '755 Patent, all to the injury of BIAX.

18.     Upon information and belief, ADI's infringement of the '755 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless ADI's infringing acts are enjoined by this Court.

19.     As a result of ADI's infringement of the '755 Patent, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

## COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 5,021,945

20.     The allegations of paragraphs 1-10 are incorporated for this Count Two as though fully set forth herein.

21.     On June 4, 1991, U.S. Patent No. 5,021,945 ("the '945 Patent"), entitled "Parallel Processor System For Processing Natural Concurrencies And Method Therefor" was duly and legally issued to inventors Gordon Morrison, Christopher Brooks, and Frederick Gluck and has been duly and legally assigned to BIAX.  A copy of the '945 Patent is attached to the Complaint as Exhibit 2.

22.     Upon information and belief, Intel has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '945 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States processors, including the Intel Itanium and Itanium 2 processors, that are covered by one or more claims of the '945 Patent, all to the injury of BIAX.

23.     Upon information and belief, Intel's infringement of the '945 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless Intel's infringing acts are enjoined by this Court.

24.     Upon information and belief, Intel's acts of patent infringement of the '945 patent were and continue to be willful and deliberate.

25.     As a result of Intel's patent infringement, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

26.     Upon information and belief, ADI has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '945 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States processors, including the ADI TigerSHARC processor, that are covered by one or more claims of the '945 Patent, all to the injury of BIAX.

27.     Upon information and belief, ADI's infringement of the '945 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless ADI's infringing acts are enjoined by this Court.

28.     As a result of ADI's patent infringement, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

**<u>COUNT THREE: INFRINGEMENT OF U.S. PATENT NO. 5,517,628</u>**

29.     The allegations of paragraphs 1-10 are incorporated for this Count Three as though fully set forth herein.

30.     On May 14, 1996, U.S. Patent No. 5,517,628 ("the '628 Patent"), entitled "Computer with Instructions that Use an Address Field to Select Among Multiple Condition Code Registers" was duly and legally issued to inventors Gordon Morrison, Christopher Brooks, and Frederick Gluck and has been duly and legally assigned to BIAX.  A copy of the '628 Patent is attached to the Complaint as Exhibit 3.

31.     Upon information and belief, Intel has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '628 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States processors, including the Intel Itanium and Itanium 2 processors, that are covered by one or more claims of the '628 Patent, all to the injury of BIAX.

32.     Upon information and belief, Intel's infringement of the '628 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless Intel's infringing acts are enjoined by this Court.

33.     Upon information and belief, Intel's acts of patent infringement of the '628 patent were and continue to be willful and deliberate.

34.     As a result of Intel's infringement of the '628 Patent, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

35.     Upon information and belief, ADI has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '628 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States processors, including the ADI TigerSHARC processor, that are covered by one or more claims of the '628 Patent, all to the injury of BIAX.

36.     Upon information and belief, ADI's infringement of the '628 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless ADI's infringing acts are enjoined by this Court.

37.     As a result of ADI's patent infringement, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

**COUNT FOUR: INFRINGEMENT OF U.S. PATENT NO. 6,253,313**

38.     The allegations of paragraphs 1-10 are incorporated for this Count Four as though fully set forth herein.

39.     On June 26, 2001, U.S. Patent No. 6,253,313 ("the '313 Patent"), entitled "Parallel Processor System for Processing Natural Concurrencies and Method Therefore" was duly and legally issued to inventors Gordon Morrison, Christopher Brooks, and Frederick Gluck and has been duly and legally assigned to BIAX.  A copy of the '313 Patent is attached to the Complaint as Exhibit 4.

40.     Upon information and belief, Intel has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '313 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States processors, including the Intel Itanium and Itanium 2 processors, that are covered by one or more claims of the '313 Patent, all to the injury of BIAX.

41.     Upon information and belief, Intel's infringement of the '313 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless Intel's infringing acts are enjoined by this Court.

42.     Upon information and belief, Intel's acts of patent infringement of the '313 patent were and continue to be willful and deliberate.

43.     As a result of Intel's infringement of the '313 Patent, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

44.     Upon information and belief, ADI has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '313 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States processors, including the ADI TigerSHARC processor, that are covered by one or more claims of the '313 Patent, all to the injury of BIAX.

45.     Upon information and belief, ADI's infringement of the '313 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless ADI's infringing acts are enjoined by this Court.

46.     As a result of ADI's patent infringement, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

**COUNT FIVE:  INFRINGEMENT OF U.S. PATENT NO. 5,765,037**

47.     The allegations of paragraphs 1, 4-7, and 9-10 are incorporated for this Count Five as though fully set forth herein.

48.     On June 9, 1998, U.S. Patent No. 5,765,037 ("the '037 Patent"), entitled "System for Executing Instructions with Delayed Firing Times" was duly and legally issued to inventors Gordon Morrison, Christopher Brooks, and Frederick Gluck and has been duly and legally assigned to BIAX.  A copy of the '037 Patent is attached to the Complaint as Exhibit 5.

49.     Upon information and belief, ADI has infringed and continues to infringe, has induced and continues to induce others to infringe, and has committed and continues to commit acts of contributory infringement of one or more claims of the '037 Patent in this District and elsewhere by making, using, selling, offering for sale, and/or importing into the United States

processors, including the ADI SHARC and ADSP-219x processors, that are covered by one or more claims of the '037 Patent, all to the injury of BIAX.

50.     Upon information and belief, ADI's infringement of the '037 Patent will continue in the future, and BIAX will continue to suffer damages as a consequence, unless ADI's infringing acts are enjoined by this Court.

51.     As a result of ADI's infringement of the '037 Patent, BIAX has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

## JURY DEMAND

52.     BIAX requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, BIAX prays for relief as follows:

A.     Judgment that Intel has infringed, induced others to infringe, and committed acts of contributory infringement with respect to one or more claims of the '755, '945, '628, and '313 Patents;

B.     Judgment that Intel's infringement of the '755, '945, '628, and '313 patents has been, and continues to be, willful and deliberate;

C.     An order permanently enjoining Intel, its subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, from further infringement, inducement of infringement, or contributory infringement of the '755, '945, '628, and '313 Patents;

D.     Judgment that ADI has infringed, induced others to infringe, and committed acts of contributory infringement with respect to one or more claims of the '755, '945, '628, '313 and '037 Patents;

E.     An order permanently enjoining ADI, its subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, from further infringement, inducement of infringement, or contributory infringement of the '755, '945, '628, '313 and '037 Patents;

F.     An order directing Intel and ADI to account for and pay to BIAX all damages caused to BIAX by reason of Intel's patent infringement and ADI's patent infringement, including increased damages, under 35 U.S.C. § 284;

G.     An order directing Intel and ADI to pay BIAX's costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285;

H.    An award to BIAX of pre-judgment and post-judgment interest on the damages

caused to BIAX by Intel's patent infringement and ADI's patent infringement; and

I.    Such other and further relief as the Court may deem just and proper.

February 2, 2007                                    Respectfully submitted,

                                                   Eric M. Albritton
                                                   Attorney-in-Charge
                                                   Texas State Bar No. 00790215
                                                   Albritton Law Firm
                                                   PO Box 2649
                                                   Longview, Texas 75606
                                                   Telephone:  (903) 757-8449
                                                   Facsimile:  (903) 758-7397
                                                   ema@emafirm.com

OF COUNSEL:

Barry W. Graham
Washington DC Bar No. 291278
E. Robert Yoches
Washington DC Bar No. 342642
Edward J. Naidich
Washington DC Bar No. 481649
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C.  20001-4413
(202) 408-4000
barry.graham@finnegan.com
bob.yoches@finnegan.com
ed.naidich@finnegan.com

                                                   *Attorneys for BIAX Corporation*

11

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 2nd day of April, 2007.

_____
Eric M. Albritton